[Cite as *Minaya v. NVR, Inc.*, 2017-Ohio-9019.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105445**

# NADIA MINAYA, ET AL.

PLAINTIFFS-APPELLANTS

vs.

# NVR, INC., D.B.A. RYAN HOMES, INC., ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-15-855517

**BEFORE:** Stewart, J., McCormack, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** December 14, 2017

**ATTORNEY FOR APPELLANTS**

John F. Burke
Burkes Law, L.L.C.
614 West Superior Avenue, Suite 1500
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEES**

**For NVR, Inc., d.b.a. Ryan Homes, Inc.**

Leo M. Spellacy
Thrasher Dinsmore & Dolan
1111 Superior Avenue, Suite 412
Cleveland, OH 44114

Ryan P. Sherman
Porter Wright Morris & Arthur
41 S. High Street, Suite 2900
Columbus, OH 43215

**For City of Strongsville**

James A. Climer
Frank H. Scialdone
Mazanec Raskin, Ryder Co., L.P.A.
100 Franklin's Row
34305 Solon Road
Solon, OH 44139

Kenneth A. Kraus
Law Director
City of Strongsville Law Department
16099 Foltz Industrial Parkway
Strongsville, OH 44149

MELODY J. STEWART, J.:

**{¶1}** Shortly after moving into a house they purchased, plaintiff-appellants Nadia and Misael Minaya and their five children suffered unexplained health issues. They later discovered black mold in various locations in their house. Subsequent home inspections uncovered what they described as "numerous problems with the home" that caused water penetration. They brought suit against the builder of the house, defendant-appellee NVR, Inc., d.b.a. Ryan Homes, Inc. They alleged Ryan Homes fraudulently designed the house, was grossly negligent in building the house, and concealed these facts, with the result being water infiltration and the formation of black mold that proximately caused their health issues. The Minayas also brought claims against defendant-appellee city of Strongsville (the "city") alleging that it did not inspect the house before issuing a certificate of occupancy and was otherwise negligent in failing to inspect the house. The counts against both defendants sought an award of punitive damages.[1]

---

[1] The Minayas named a third defendant, High Pointe Construction and Development, L.L.C. After the summary judgments in the lower court were granted, they obtained a default judgment against High Pointe. High Pointe is not a party to this appeal.

**{¶2}** Ryan Homes filed a motion to dismiss the complaint on grounds that the house was built in 1988 and the Minayas' claims, filed in 2015, were barred by the ten-year statute of repose. The city filed a motion for judgment on the pleadings claiming that it was immune from suit, owed no duty of care to the Minayas, and that it could not be liable for punitive damages. The court granted both motions and this appeal followed. The two assignments of error challenge both the dismissal in favor of Ryan Homes and judgment on the pleadings in favor of the city.

## I. Motion to Dismiss

**{¶3}** The basis for Ryan Homes' motion to dismiss was that the Minayas' claims were barred by the ten-year statute of repose in R.C. 2305.131 because the company built the home in 1988 and that the Minayas did not bring their claims until 2015. Ryan Homes acknowledged that the Minayas pleaded fraud, a cause of action that is outside the statute of repose, but maintained that the Minayas did not plead their fraud claim with the requisite particularity and, in any event, that Ryan Homes made no representations of any kind to the Minayas, who it claimed were at least the third owners of the house.

**{¶4}** Civ.R. 12(B)(6) states that a complaint is not subject to dismissal for failure to state a claim upon which relief may be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle the plaintiff to relief. *Doe v. Archdiocese of Cincinnati*, 109 Ohio St.3d 491, 2006-Ohio-2625, 849 N.E.2d 268, ¶ 11, citing *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975). Therefore, "[a]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145, 573 N.E.2d 1063 (1991).

{¶5} A "statute of repose extinguishes a cause of action after a fixed period of time, regardless of when the cause of action accrued." *Jones v. Walker Mfg. Co.*, 8th Dist. Cuyahoga No. 97301, 2012-Ohio-1546, ¶ 3, citing *Sedar v. Knowlton Const. Co.*, 49 Ohio St.3d 193, 195, 551 N.E.2d 938 (1990). With respect to damages for bodily injury arising out of defective and unsafe conditions of an improvement to real property, no cause of action shall accrue "later than ten years from the date of substantial completion or improvement." R.C. 2305.131(A)(1). The intent behind R.C. 2305.131 is, among other things, to recognize that after the completion of the construction of an improvement to real property, builders lack control over the improvement and have no ability to maintain the premises, lack control over the effects that weather might have to the improvement, and that it would place an unacceptable burden on builders to maintain records and other documentation pertaining to design and construction for a period in excess of ten years. *See* Section 3(B) of S.B. 80.

{¶6} There is an exception to the affirmative defense of the statute of repose that exists "if the defendant engages in fraud in regard to furnishing the design, planning, supervision of construction, or construction of an improvement to real property * * *." R.C. 2305.131(C).

{¶7} The Minayas brought two causes of against Ryan Homes: Count 1 alleged fraudulent concealment; Count 2 alleged "gross negligence and negligence."

{¶8} With respect to Count 2, we agree that this claim is barred by the statute of repose because it does not make any allegation of fraud that would take it outside the statute of repose. Count 2 alleges that "Defendant Ryan Homes owed plaintiffs a duty to exercise due care and caution and to build and develop the subject property in a prudent and workmanlike manner." Complaint at ¶ 84. The Minayas alleged that Ryan Homes breached this duty by building the house in a "negligent and unworkmanlike manner" that allowed the house to become environmentally contaminated. Complaint at ¶ 86-87.

{¶9} The allegations in Count 2 are simple negligence claims of a kind that are specifically encompassed by the statute of repose. In fact, the Minayas appear to concede implicitly that Count 2 is subject to the statute of repose because their brief in opposition to Ryan Homes' motion to dismiss does not address this count at all. Given the plain reading of the complaint and the Minayas' failure to make any argument against dismissal, we concluded that the court did not err by dismissing Count 2 as being subject to the statute of repose.

{¶10} With respect to Count 1 and the fraudulent concealment cause of action, the Minayas concede that Ryan Homes finished building the house in 1988 and their claims relating to the construction of the house would ordinarily be barred by the statute of repose. Complaint at ¶ 64. However, they assert that they pleaded a claim of fraudulent concealment to which the statute of repose does not apply.

**{¶11}** We agree with Ryan Homes, however, that the Minayas failed to plead their fraudulent concealment claim with the kind of particularity required by Civ.R. 9(B). That rules states that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." In the context of pleading fraud, the word "particularity" means that the pleading must contain allegations of fact which tend to show each and every element of a cause of action for fraud. *CitiMortgage, Inc. v. Hoge*, 196 Ohio App.3d 40, 2011-Ohio-3839, 962 N.E.2d 327, ¶ 23 (8th Dist.).

**{¶12}** The elements of a fraudulent concealment are: (1) a concealment of a fact when there is a duty to disclose (2) that is material to the transaction at hand, (3) made falsely, with knowledge of its falsity or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, and (4) with intent to mislead another into relying upon it, (5) justifiable reliance, and (6) resulting injury proximately caused by the reliance. *Groob v. KeyBank*, 108 Ohio St.3d 348, 2006-Ohio-1189, 843 N.E.2d 1170, ¶ 47; *Northpoint Properties v. Charter One Bank*, 8th Dist. Cuyahoga No. 94020, 2011-Ohio-2512, ¶ 60. All these elements must be present, and the absence of any element precludes recovery. *Westfield Ins. Co. v. HULS Am., Inc.*, 128 Ohio App.3d 270, 296, 714 N.E.2d 934 (10th Dist.1998).

**{¶13}** The basis for the fraudulent concealment claim is that "Ryan Homes built the subject property in an unworkmanlike manner" by committing numerous building code violations,  Complaint at ¶ 70, 73.  The Minayas further alleged that Ryan Homes purposely hid these housing code violations "in places in which others could not readily investigate or inspect, such as behind drywall, or in the underground piping."  *Id*. at ¶ 73.

**{¶14}** Missing from Count 1 is an allegation that Ryan Homes made any false statements or failed to disclose any material fact.  What the Minayas did claim was that Ryan Homes "acted with the intent to mislead the purchasers of the home, in that these defects were so egregious logic deems they could not possibly all be honest mistakes, and that said defects were items that would not expose themselves or their consequences until a quantity of time passed."  *Id*. at ¶ 74.  The Minayas reassert the same logical proposition with respect to the location of the negligence: "Logic dictates since the defects concealed were located in areas not readily available to inspect or investigate, Ryan Homes intended for all purchasers of the home to rely on the fraudulent concealment when purchasing the home, not just the original purchaser."  Complaint at ¶ 78.

{¶15} Allegations in a complaint must be supported by facts. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 193, 532 N.E.2d 753 (1988). The Minayas did not rely on specific facts to support their cause of action for fraudulent concealment, but invoked logic to allege that Ryan Homes' negligence in designing and building the house was so pervasive that it must have intended to make the mistakes it did and then must have intentionally covered up those mistakes. This is a form of causal reductionism: the Minayas conclusion that Ryan Homes acted intentionally because there were so many defects in the house fails to account for other possibilities that did not require intentional action. The many defects alleged in the house may have been mere coincidence or gross ineptitude. One cannot infer intent to commit fraud based solely on the assertion that the errors allegedly committed were so numerous as to be intentional.

{¶16} The same rationale applies to the Minayas' argument that Ryan Homes purposely hid its negligence in order to avoid detection. Notably, the alleged building code violations consisted of improperly installed insulation, piping, or electrical systems. We agree with Ryan Homes that "[i]t would be an odd home indeed if the piping, electrical systems, insulation and related elements about which Plaintiffs complain were open to view." Motion to dismiss at 8. That the alleged defects were located in places concealed from direct examination does not permit the inference that Ryan Homes fraudulently concealed them.

**{¶17}** A party cannot avoid the statute of repose by "clever pleading" that attempts to transform a negligence claim into a fraud claim. *Mardis v. Meadow Wood Nursing Home*, 12th Dist. Brown No. CA2010-04-007, 2010-Ohio-4800, ¶ 12; *see also York v. Hutchins*, 12th Dist. Butler No. CA2013-09-173, 2014-Ohio-988, ¶ 15. In addition, the trial court need not accept unsupported conclusions in a complaint for purposes of Civ.R. 12(B)(6). *State ex rel. Ohio Civ. Serv. Emps. Assn. v. State*, 146 Ohio St.3d 315, 2016-Ohio-478, 56 N.E.3d 913, ¶ 21. The complaint states a case of negligence and the Minayas' pleading fraudulent concealment without the requisite particularity cannot defeat the application of the statute of repose.

{¶18} We also find dismissal to be warranted because the fraudulent concealment claim depended on representations made to third parties. The Minayas claim that Ryan Homes made representations concerning a concealed, material fact. It is undisputed that the Minayas, being at least the third owners of the house, had no actual contact with Ryan Homes that induced them to purchase the house. "A plaintiff fails to state a valid cause of action for fraud when he alleges that a third-party relied on misrepresentations made by a defendant and that he suffered injury from that third-party's reliance." *Moses v. Sterling Commerce Am., Inc.*, 10th Dist. Franklin No. 02AP-161, 2002-Ohio-4327, ¶ 21. *See also Baddour v. Fox*, 5th Dist. Licking No. 03CA-77, 2004-Ohio-3059, ¶ 41 ("A party is unable to maintain an action for fraud where the fraudulent representations were not made directly to him to induce him to act on them in matters affecting his own interests."); *Lisboa v. Tramer*, 8th Dist. Cuyahoga No. 97526, 2012-Ohio-1549, ¶ 32 (no valid cause of action for fraud based on statements defendants made to Internal Revenue Service).

**{¶19}** The Minayas do not dispute that Ryan Homes did not make any statements to them, Complaint at ¶ 66, but argue that policy considerations support a fraud exception in cases where a builder engages in fraudulent concealment. We have implicitly rejected this proposition. In *Temple v. Fence One, Inc.*, 8th Dist. Cuyahoga No. 85703, 2005-Ohio-6628, ¶ 52, Temple claimed to have suffered injuries from chemicals used to treat wood in a fence installed in a neighbor's yard, alleging that the company that treated the wood fraudulently misrepresented that the fence was "safe." We held that "[a] party is unable to maintain an action for fraud, however, where the fraudulent representations were not made directly to him to induce him to act on them in matters affecting his own interest." *Id*. at ¶ 52. Because Temple did not rely on any representations made by the company, we held that her fraud claim failed as a matter of law. *Id.* The facts in *Temple* are not so dissimilar to those alleged in this case that we have reason to depart from established precedent.

**{¶20}** The first assignment of error is overruled.

## II. Motion for Judgment on the Pleadings

**{¶21}** The Minayas brought two causes of action against the city: Count 3 alleged that the city acted in a wanton and reckless manner by failing to inspect the house and then falsifying documents to show that the house had passed inspection; Count 4 alleged that the city fraudulently falsified and altered its inspection records in order to issue an occupancy permit for the premises. The city filed a motion for judgment on the pleadings in which it argued that building inspections were a governmental function to

which there were no exceptions to political subdivision immunity, that it owned no duty of care to the Minayas, and that it was immune from intentional tort claims. The court agreed with the city and granted the city's motion.

{¶22} A Civ.R. 12(C) motion for judgment on the pleadings presents questions of law, the determination of which is restricted solely to the allegations in the pleadings and any writings attached to the pleadings. *Peterson v. Teodosio*, 34 Ohio St.2d 161, 297 N.E.2d 113 (1973). A motion for judgment on the pleadings is limited to the pleadings and can be granted when the court, after construing the pleadings most favorably to the nonmoving party, finds beyond doubt that the nonmoving party could prove no set of facts in support of a claim for relief. *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570, 664 N.E.2d 931 (1996).

{¶23} A political subdivision is immune from damages in a civil action for "loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental * * * function." R.C. 2744.02(A)(1). Building inspections are a governmental function. *See* R.C. 2744.01(C)(2)(p) ("inspections in connection with building, zoning, sanitation, fire, plumbing, and electrical codes" are governmental functions); *Stanton v. Cleveland*, 8th Dist. Cuyahoga No. 82614, 2003-Ohio-6618, ¶ 28; *Ryan v. Columbus*, 10th Dist. Franklin No. 00AP-910, 2001 Ohio App. LEXIS 798, 7 (Mar. 6, 2001). With the city's immunity presumptively established, we next determine whether there are any exceptions to immunity listed in R.C. 2744.02(B). None of the exceptions to immunity apply: the

Minayas' claims against the city did not involve the operation of a motor vehicle; were not caused by a city employee's negligent performance with respect to a proprietary function; did not involve injury caused by the negligent failure to keep roads in repair; did not occur on the grounds of buildings used in connection with a governmental function; and liability was not expressly imposed on the city under another section of the Revised Code. *See* R.C. 2744.02(B)(1)-(6).

{¶24} The Minayas argue that the employee who conducted the housing inspection acted in bad faith or in a wanton or reckless manner, so the city is not immune under R.C. 2744.03(A)(6)(b). That section states that "an employee" is immune from liability unless "[t]he employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner[.]" This section, "by its very terms applies only to individual employees and not to political subdivisions." *Fabrey v. McDonald Village Police Dept.*, 70 Ohio St.3d 351, 356, 639 N.E.2d 31 (1994); *Sudnik v. Crimi*, 117 Ohio App.3d 394, 398, 690 N.E.2d 925 (8th Dist.1996) (R.C. 2744.03(A)(6) "applies only to individual employees and not to political subdivisions and, therefore, has no effect on the alleged liability of the city."). The Minayas brought suit against the city: they did not name any employees of the city. Having failed to name any employees as defendants, R.C. 2744.03(A)(6) is inapplicable.

{¶25} The Minayas also argued that the city's building inspector acted in a wanton and reckless manner by failing to inspect the premises before issuing a certificate of occupancy. R.C. 2744.03(A) sets forth several defenses or immunities that may be

asserted by a political subdivision or an employee to establish nonliability. Among those defenses are that the political subdivision is immune from liability if the injury resulted from the exercise of judgment or discretion in using personnel, unless the judgment or discretion was exercised "with malicious purpose, in bad faith, or in a wanton or reckless manner." R.C. 2744.03(A)(5). Citing *Cater v. Cleveland*, 83 Ohio St.3d 24, 697 N.E.2d 610 (1998), the Minayas argue that they adequately pleaded that the city housing inspector acted in a wanton or reckless manner by failing to inspect the actual property and falsifying the inspection report, and that the city failed to properly train and/or monitor the inspector's actions.

**{¶26}** *Cater* applies to this case, but not in the way that the Minayas assert. *Cater* made it clear that "R.C. 2744.03(A)(5) is a defense to liability; it cannot be used to establish liability." *Id*. at 32. In other words, R.C. 2744.03(A)(5) applies only if one of the exceptions to immunity set forth in R.C. 2744.02(B) exists. *Caraballo v. Cleveland Metro. School Dist*., 8th Dist. Cuyahoga No. 99616, 2013-Ohio-4919, ¶ 32. As previously noted, the city's immunity has been established and none of the R.C. 2744.02(B) exceptions to immunity apply in this case, so R.C. 2744.03(A)(5) is inapplicable.

**{¶27}** Finally, the Minayas claim that the city failed to properly train and/or monitor the inspector's actions in violation of Strongsville Ordinances 1242.09 (certificate of occupancy) and 1410.03 (duty of commissioner of buildings to inspect buildings).

**{¶28}** To establish a negligence action, a plaintiff must establish the existence of a duty, breach of that duty, and an injury proximately caused from the same. *Menifee v. Ohio Welding Prods., Inc.*, 15 Ohio St.3d 75, 472 N.E.2d 707 (1984).

**{¶29}** The cause of action for failing to train or monitor employees wrongly assumes that the city owed the Minayas a duty of care. Nothing in the applicable building ordinances indicates that the city intended to grant individuals a private right of action. Ordinances like these "do not create a duty owed to any specific or particular person, but rather, create duties owed only to the general public and that noncompliance with such [ordinances] can therefore not be the basis of a tort action." *Cain v. State, Dept. of Hwy. Safety*, 14 Ohio App.3d 105, 106, 470 N.E.2d 208 (10th Dist.1984).

**{¶30}** We addressed a similar issue in *Delman v. Cleveland Hts.*, 8th Dist. Cuyahoga No. 52558, 1987 Ohio App. LEXIS 8720 (Sept. 17, 1987), where Delman brought suit alleging that the city of Cleveland Heights was negligent in conducting point of sale house inspections. Noting that the point of sale inspection indicated an intent to "promote the welfare of the community, as opposed to providing a means of insuring the interests of individual buyers," *id*. at 4, we held that the ordinance did not create a right of private action. *Id*. at 5. *See also Sowell v. Trotter*, 8th Dist. Cuyahoga No. 49681, 1986 Ohio App. LEXIS 7225 (June 19, 1986) (point of sale inspection ordinance "was enacted solely to protect the health and safety of the residents of the city and to preserve the housing stock in the community.").

**{¶31}** Strongsville Ordinances 1220.02 expressly states that the purpose and intent of its planning and zoning code (of which Strongsville Ordinances 1242.09 relating to certificates of occupancy is a part) is to "promote and protect the public health, safety, convenience, comfort, prosperity and general welfare of the City[.]" Although there is no similar statement of purpose and intent for Strongsville Ordinances 1410.03, we conclude that the city's building department, being charged with conducting various inspections, is also carrying out duties to promote and protect the public health, safety, convenience, comfort, prosperity, and general welfare. The safety of buildings is a concern not only for the owners, but for the occupants of those buildings and any neighboring structures. With both ordinances being enacted to promote the general welfare, they do not create a private right of action. The court did not err by granting judgment on the pleadings.

**{¶32}** Judgment affirmed.

It is ordered that appellees recover of appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, JUDGE