[Cite as *McQuade v. Mayfield Clinic, Inc.*, 2022-Ohio-785.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|                                  |     |                          |
| -------------------------------- | --- | ------------------------ |
| DANIEL MCQUADE,                  | :   | APPEAL NO. C-210341      |
|                                  |     | TRIAL NO. A-1901808      |
| and                              | :   |                          |
|                                  |     |                          |
| GLORIA MCQUADE,                  | :   | *O P I N I O N.*         |
|                                  |     |                          |
| Plaintiffs-Appellants,           | :   |                          |
|                                  |     |                          |
|                                  | :   |                          |
| vs.                              |     |                          |
|                                  | :   |                          |
|                                  |     |                          |
| MAYFIELD CLINIC, INC.,           | :   |                          |
|                                  |     |                          |
| Defendant-Appellee.              | :   |                          |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: March 16, 2022

*Thomas Law Offices, PLLC,* and *Louis C. Schneider*, for Plaintiffs-Appellants,

*David C. Calderhead, Stephanie P. Franckewitz* and *Adam P. Stickney,* for Defendant-Appellee.

**BERGERON, Judge.**

{¶1}     In this medical negligence case, we find ourselves at the crossroads of agency law and the statute of repose.  At issue is whether a health care employer can be vicariously liable for medical malpractice when the statute of repose bars the claim against the allegedly negligent physician-employee.  Because we find it cannot, we affirm the trial court's judgment granting summary judgment to the employer on statute of repose grounds.

I.

{¶2}     Dr. William Tobler, an employee of both defendant-appellee Mayfield Clinic ("Mayfield") and the University of Cincinnati, performed two spinal surgeries on plaintiff-appellant Daniel McQuade at The Christ Hospital.  Dr. Ryan Tackla, then a neurosurgical resident at the University of Cincinnati's medical school, assisted Dr. Tobler with the operations.  The surgeries left Mr. McQuade with some degree of paralysis and, in due course, he sued the doctors, Christ Hospital, and Mayfield.  The trial court granted summary judgment to Dr. Tobler based on immunity he enjoyed as a state employee, to Dr. Tackla because he only observed the surgeries as part of his medical residency, and to Christ Hospital because it was merely the site of the surgery, leaving Mayfield as the only remaining defendant.  The sole theory of liability asserted by Mr. McQuade against Mayfield is premised on vicarious liability—in other words, attempting to hold the employer liable for the negligent acts of its employee.

{¶3}     As the case against Mayfield approached trial, the Ohio Supreme Court handed down its decision in *Wilson v. Durrani*, holding that a plaintiff may not use the saving statute (R.C. 2305.19(A)) to extend the four-year statute of repose for medical claims under R.C. 2305.113.  *Wilson v. Durrani*, 164 Ohio St.3d 419, 2020-

Ohio-6827, 173 N.E.3d 448, ¶ 38. This case involves the same procedural posture. Mr. McQuade initially filed suit in July 2015, voluntarily dismissed that first complaint in April 2018, and refiled this instant action in April 2019. The medical statute of repose runs from the date of the act constituting the basis of the medical claim—in Mr. McQuade's case, his January 2014 surgery—and he relied on the saving statute when filing his second claim outside the four-year time limit in R.C. 2305.113. *Wilson* foreclosed that possibility, prompting Mayfield to move for summary judgment in reliance on the intervening authority. The trial court granted Mayfield's request, finding that *Wilson* rendered Mr. McQuade's medical claim time-barred by the statute of repose, and this appeal follows.

II.

**{¶4}** "We review the grant of summary judgment de novo, applying the standards set forth in Civ.R. 56." *City of Cincinnati v. Twang, LLC*, 1st Dist. Hamilton No. C-200369, 2021-Ohio-4387, ¶ 28. "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." *State ex rel. Howard v. Ferreri*, 70 Ohio St.3d 587, 589, 639 N.E.2d 1189 (1994). Under Civ.R. 56(C), a movant bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996).

3

{¶5} To assess whether the statute of repose bars the claim against Mayfield, we first look to the statute itself. Ohio's medical statute of repose provides that "[n]o action upon a medical * * * claim shall be commenced more than four years after the occurrence of the act or omission constituting the alleged basis of the medical * * * claim." R.C. 2305.113(C)(1). Any claim not commenced within those four years is barred. *See* R.C. 2305.113(C)(2). The Ohio Supreme Court described the statute as a "true statute of repose that applies to both vested and nonvested claims." *Antoon v. Cleveland Clinic Found.*, 148 Ohio St.3d 483, 2016-Ohio-7432, 71 N.E.3d 974, ¶ 1. " 'Therefore, any medical-malpractice action must be filed within four years of the occurrence of the act or omission alleged to have caused a plaintiff's injury.' " *Wilson* at ¶ 16, quoting *Antoon* at ¶ 1.

{¶6} Mr. McQuade correctly notes that "[t]he term 'medical claim' as defined in R.C. 2305.113(E)(3) has two components that the statute states in the conjunctive: (1) the claim is asserted against one or more of the specifically enumerated medical providers and (2) the claim arises out of medical diagnosis, care, or treatment." *Estate of Stevic v. Bio-Medical Application of Ohio, Inc.*, 121 Ohio St.3d 488, 2009-Ohio-1525, 905 N.E.2d 635, ¶ 18. For its part, Mayfield does not dispute that his claim arises out of medical diagnosis, care, or treatment, thereby satisfying that statutory requirement. This appeal accordingly turns on whether the "provider" aspect of the statute is met.

{¶7} Mr. McQuade emphasizes that Mayfield does not qualify as one of the enumerated medical providers in R.C. 2305.113(E)(3)(2). According to Mr. McQuade, because the definition of "medical claim" requires both components be satisfied, his

claim against Mayfield cannot constitute a medical claim subject to the statute of repose under R.C. 2305.113.

{¶8} Mayfield does not dispute that, on this record, it does not fall within the statutory definition of a "provider." However, it insists that Dr. Tobler does so qualify (which Mr. McQuade does not dispute). This narrows the question before us to whether an employer sued only for vicarious liability can avail itself of the statute of repose defense possessed by its physician employee.

{¶9} Mr. McQuade's vicarious liability claim against Mayfield—the only remaining claim at the time of the most recent summary judgment order—alleged that at all relevant times, Dr. Tobler acted as an agent, servant, or employee within the scope of his employment with Mayfield and committed medical malpractice in that capacity.[1] In a medical claim against an employer based solely on vicarious liability, the imputed liability hinges on the tortfeasor's relationship to the entity. *See Dinges v. St. Luke's Hosp.*, 2012-Ohio-2422, 971 N.E.2d 1045, ¶ 45 (6th Dist.) (Yarbrough, J., concurring) ("The type of employing entity matters not; what matters is the relationship of the alleged tortfeasor to the entity."). Any liability on the part of Mayfield arises out of its relationship with Dr. Tobler, regardless of whether Mayfield is a hospital or other entity listed in R.C. 2305.113.

{¶10} Moreover, the principles of agency law apply to statutes. When interpreting statutes, "[n]ot every statute is to be read as an abrogation of the common law." *Bresnik v. Beulah Park Ltd. Partnership, Inc.*, 67 Ohio St.3d 302, 304, 617 N.E.2d 1096 (1993). Statutory regulations do not repeal the settled rules of common law unless such intent by the legislature is clearly stated. *See id.* ("* * * [I]n giving

---

[1] Since Mr. McQuade advanced no direct claims for any independent actions of Mayfield, we have no occasion to consider whether any such hypothetical claims might warrant a different analysis.

construction to a statute the legislature will not be presumed * * * to have intended a repeal of the settled rules of the common law *unless the language employed by it clearly expresses or imports such intention*." (Emphasis sic.)). In the absence of statutory language otherwise, we presume the legislature did not intend for R.C. 2305.113 to abrogate the common law doctrine of vicarious liability. We see nothing in the statute that prevents the application of the vicarious liability doctrine in this case.

{¶11} We next look to relevant agency principles to determine whether Mayfield may avail itself of the statute of repose defense possessed by Dr. Tobler. Ohio has long recognized that " '[t]he act of the servant, done within the scope and in the exercise of his employment, is in law the act of the master himself.' " *Orebaugh v. Wal-Mart Stores, Inc.*, 12th Dist. Butler No. CA2006-08-185, 2007-Ohio-4969, ¶ 7, quoting *Atlantic & Great W. Ry. Co. v. Dunn*, 19 Ohio St. 162, 168 (1869). In *Atlantic*, the Supreme Court concluded that vicarious liability "appl[ied] with peculiar propriety to corporations—which are capable of action only through the medium of agents, and which touch, infringe upon, and come in contact with individual persons and the public, only by means of their agents and servants." *Atlantic & Great W. Ry. Co.* at 168. Under vicarious liability, Mayfield is considered in law to have committed the act in question.

{¶12} Building on this foundation, the Supreme Court explained that an entity may be vicariously liable for malpractice "only when one or more of its principals or associates are liable" for malpractice. *Natl. Union Fire Ins. Co. v. Wuerth*, 122 Ohio St.3d 594, 2009-Ohio-3601, 913 N.E.2d 939, ¶ 26. In *Wuerth,* an insurer filed a legal malpractice claim in federal court against its former attorney and the attorney's law

6

firm. The district court dismissed the attorney because the statute of limitations expired, and then dismissed the claim against the law firm because, absent the attorney, no cognizable claim existed on which to base vicarious liability. On a certified question to the Supreme Court, the *Wuerth* court reasoned that "only individuals may practice law in Ohio * * * a law firm does not engage in the practice of law and therefore cannot directly commit legal malpractice." *Wuerth* at ¶ 16, 18.

{¶13} We acknowledge that *Wuerth* differs factually from the matter at hand because it involved a law firm, not a corporation employing physicians. But the Supreme Court relied on medical malpractice precedent in deciding *Wuerth*. *Wuerth* at ¶ 13-14 ("When analyzing issues that relate to malpractice by attorneys and physicians, we have often drawn upon the similarities between the legal and medical professions * * * [t]hus, our precedent concerning medical malpractice is instructive."). Likewise, this court has applied the holding in *Wuerth* to medical negligence cases when the allegedly negligent physician could not be found culpable for malpractice. *See, e.g., Rush v. Univ. of Cincinnati Physicians, Inc.*, 2016-Ohio-947, 62 N.E.3d 583, ¶ 23 (1st Dist.) (upholding directed verdict in favor of hospital when physicians not timely named in complaint); *Henry v. Mandell-Brown*, 1st Dist. Hamilton No. C-090752, 2010-Ohio-3832, ¶ 14 (dismissing claim against surgery center when statute of limitations expired against allegedly negligent physician); *Wilson v. Durrani*, 1st Dist. Hamilton No. C-130234, 2014-Ohio-1023, ¶ 15 (affirming summary judgment in favor of corporation when settlement released claims against physician).

{¶14} Moreover, as is the case here with Dr. Tobler, an employee may serve two employers simultaneously. *State ex rel. Sawicki v. Lucas Cty. Court of Common*

7

*Pleas*, 126 Ohio St.3d 198, 2010-Ohio-3299, 931 N.E.2d 1082, ¶ 17 ("He may be the servant of two masters, not joint employers as to the same act, if the act is within the scope of his employment for both."). Dr. Tobler's employment with the University of Cincinnati granted him immunity from Mr. McQuade's suit (an issue that no one contests on appeal), but "a statute conferring immunity from liability on state employees do[es] not immunize a private hospital" from the torts of physicians acting as agents of both the state and the private hospital. *Id.* at ¶ 27. Immunity does not extinguish a claimant's right of action; it merely immunizes the state employee. The right of action, at least as far as immunity is concerned, survives against Mayfield. *See id.* at ¶ 29 (Where a plaintiff "has committed tortious acts but is shielded by statutory immunity, that immunity is personal, and the conduct itself remains actionable."). And Mayfield, for its part, does not claim that it is entitled to assert Dr. Tobler's immunity on its behalf. Rather, Mayfield believes that it may advance the same affirmative defense (statute of repose) as Dr. Tobler.

{¶15} Generally, a principal may avail himself of his agent's privileges, but not his immunities. 1 Restatement of the Law 2d, Agency, Section 217(a)(iii) (1958) ("The principal has a defense if * * * the agent had a privilege which he properly exercised on his principal's behalf."), *but see* comment b ("Immunities, unlike privileges, are not delegable and are available as a defense only to persons who have them."). Statutes of repose are relatively recent legislative enactments and we have yet to address whether they constitute a personal defense like immunity or the type of delegable privilege resulting in a judgment on the merits for vicarious liability purposes. *See* 2 Restatement of the Law 2d, Judgments, Section 51(1) (1982) ("A judgment against the injured person that bars him from reasserting his claim against the defendant in the

first action extinguishes any claim he has against the other person responsible for the conduct."). However, courts have addressed the issue as it relates to the statute of limitations. Because of the similarity of the two, we turn to those cases for guidance.

{¶16} In most cases, the statute applicable to the claim against the agent is the same statute applicable to the claim against the principal. *See Doe v. First United Methodist Church*, 68 Ohio St.3d 531, 537, 629 N.E.2d 402 (1994), *superseded on other grounds by enactment of R.C. 2305.111(C)*. Case law provides that in medical negligence cases, the same statute of limitations applies to both the agent and the principal. *Smith v. Wyandot Mem. Hosp.*, 3d Dist. Wyandot No. 16-14-07, 2015-Ohio-1080, ¶ 17, fn. 4; *Brittingham v. Gen. Motors Corp.*, 2d Dist. Montgomery No. 24517, 2011-Ohio-6488, ¶ 50-51. When a medical malpractice action is time-barred against a physician by the statute of limitations, "any imputed actions against the [entity] are also untenable." *Wuerth*, 122 Ohio St.3d 594, 2009-Ohio-3601, 913 N.E.2d 939, at ¶ 23. In other words, if a statute of limitations had expired against the primarily liable agent, Dr. Tobler, it would have also expired against the secondarily liable principal, Mayfield.

{¶17} And this makes sense, because " 'a judgment based upon the statute of limitations is generally regarded as on the merits and bars another action for the same cause.' " *Lachman v. Wietmarschen*, 1st Dist. Hamilton No. C-020208, 2002-Ohio-6656, ¶ 15, quoting *LaBarbera v. Batsch*, 10 Ohio St.2d 106, 114, 227 N.E.2d 55 (1967). The statute of limitations is a matter of substantive law representing a public policy decision by the legislature about the privilege to litigate. *See Erwin v. Bryan*, 125 Ohio St.3d 519, 2010-Ohio-2202, 929 N.E.2d 1019, ¶ 29 ("The existence and duration of a statute of limitations for a cause of action constitutes an issue of public policy for

resolution by the legislative branch of government as a matter of substantive law."). The statute of limitations confines a claimant's ability to seek a remedy in the courts to a predetermined amount of time, after which the privilege to use the courts to seek remedy is extinguished by operation of law. *See Harris v. Mt. Sinai Med. Ctr.*, 116 Ohio St.3d 139, 2007-Ohio-5587, 876 N.E.2d 1201, ¶ 44-45 (contrasting preclusion of vicarious liability based on statute of limitations with failure to join a party). Statutes of limitations "serve a gatekeeping function for courts" by encouraging a plaintiff to diligently pursue his or her rights and ensuring fairness to a defendant who may otherwise be forced to defend a stale claim long after evidence can be obtained. *Doe v. Archdiocese of Cincinnati*, 109 Ohio St.3d 491, 2006-Ohio-2625, 849 N.E.2d 268, ¶ 10.

{¶18} The statute of repose operates in similar fashion, except it not only bars the enforcement of a remedy but potentially extinguishes the right altogether. *See Minaya v. NVR, Inc.*, 2017-Ohio-9019, 103 N.E.3d 160, ¶ 5 (8th Dist.) ("A statute of repose extinguishes a cause of action after a fixed period of time, regardless of when the cause of action accrued."). A statute of repose provides "an absolute temporal limit on a defendant's potential liability," and precludes a cause of action from ever arising after the time limit. *Wilson*, 164 Ohio St.3d 419, 2020-Ohio-6827, 173 N.E.3d 448, at ¶ 37. Similar to a statute of limitations, a statute of repose is substantive law granting the right to be free of litigation according to a legislatively-determined period, after which the cause of action is extinguished by law. *See Ruther v. Kaiser*, 134 Ohio St.3d 408, 2012-Ohio-5686, 983 N.E.2d 291, ¶ 19 ("[A] defendant is entitled to a reasonable time after which he or she can be assured that a defense will not have to be mounted for actions occurring years before."). Therefore, a statute of repose is also a judgment

on the merits barring another action for the same claim. *Young v. UC Health, W. Chester Hosp.*, LLC, 2016-Ohio-5526, 61 N.E.3d 34, ¶ 27 (1st Dist.) ("The statute of repose provides an absolute bar prohibiting the commencement of an action on a medical claim more than four years after the act or omission on which the claim is based."). Judgments on the merit are delegable between an agent and a principal, and Mayfield is entitled to assert Dr. Tobler's statute of repose defense on its behalf.

**{¶19}** The *Sawicki* case dealing with immunity lends further credence to this conclusion. Immunity is a personal defense and thus not delegable from Dr. Tobler to Mayfield (a point Mayfield does not dispute). The *Sawicki* court specifically contrasted between immunity and claims that are extinguished by the statute of limitations. *See Sawicki*, 126 Ohio St.3d 198, 2010-Ohio-3299, 931 N.E.2d 1082, at ¶ 29. Immunity is "not a determination of liability" that bars the action from being brought; it is merely an initial step in deciding whether the state employee can be liable. *Id.* If the state employee is immune, "[a] private employer may still be liable, * * * for the doctrine of respondeat superior operates by imputing to the employer the acts of the tortfeasor, not the tortfeasor's liability." *Id.* at ¶ 28. The statutes of repose and limitations, on the other hand, do provide a determination of liability and extinguish the right of action by operation of law. *Johnson v. LeBonheur Children's Med. Ctr.*, 74 S.W.3d 338, 345 (Tenn.2002) ("[A] principal may not be held vicariously liable * * * when the right of action against the agent is extinguished by operation of law."), cited with approval in *Sawicki* at ¶ 19.

**{¶20}** The statute of repose extinguished Dr. Tobler's malpractice liability and, as a result, extinguished the vicarious liability claim against Mayfield. Accordingly, we conclude that where the claim against Mayfield sounds only in vicarious liability for

11

the alleged malpractice of Dr. Tobler, and Dr. Tobler cannot be liable for malpractice because the statute of repose extinguished the claim against him, Mayfield likewise cannot be held liable on a vicarious liability basis.

\*       \*       \*

**{¶21}** In light of the foregoing analysis, we overrule Mr. McQuade's assignment of error and affirm the judgment of the trial court.

Judgment affirmed.

**MYERS, P. J.,** and **WINKLER, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion