**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Wilson v. Durrani*, **Slip Opinion No. 2020-Ohio-6827.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-6827

WILSON ET AL., APPELLEES, *v.* DURRANI ET AL., APPELLANTS.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Wilson v. Durrani*, Slip Opinion No. 2020-Ohio-6827.]**

*Statutes of limitations—Statutes of repose—Saving statutes—Plaintiff may not use the saving statute to refile a medical claim after the statute of limitations has expired if the statute of repose has expired—Judgment reversed.*

(No. 2019-1560—Submitted August 5, 2020—Decided December 23, 2020.)

APPEAL from the Court of Appeals for Hamilton County, Nos. C180194 and C180196, 2019-Ohio-3880.

_____

FRENCH, J.

{¶ 1} This appeal asks whether a plaintiff may take advantage of Ohio's saving statute to refile a medical claim after the applicable one-year statute of limitations has expired if the four-year statute of repose for medical claims has also expired. We apply the plain and unambiguous language of the statute of repose and answer that question in the negative.

***Facts and procedural background***

{¶ 2} Appellees, Robert Wilson and Mike and Amber Sand, filed complaints against appellants, Abubakar Atiq Durrani, M.D.; his clinic, Center for Advanced Spine Technologies, Inc.; West Chester Hospital, L.L.C.; and UC Health, in the Hamilton County Court of Common Pleas in December 2015. The Sands asserted claims that arose out of a spinal surgery that Dr. Durrani had performed on Mike Sand in April 2010, and Wilson asserted claims that arose out of spinal surgeries that Dr. Durrani had performed on him in February and April 2011. Appellees are but a few of the many plaintiffs who have filed similar malpractice and related claims against Dr. Durrani and his clinic.

{¶ 3} Both the Wilson complaint and the Sands complaint acknowledge that appellees had previously filed their claims against appellants in prior actions that were dismissed without prejudice, pursuant to Civ.R. 41(A)(1)(a), but neither complaint provides any additional information about those actions. Nevertheless, the parties agree that the Sands and Wilson initially filed their claims against appellants in the Butler County Court of Common Pleas in March and April 2013 respectively and that appellees voluntarily dismissed those claims without prejudice in late 2015—the Sands on November 25 and Wilson on December 11— before refiling their claims in Hamilton County.

{¶ 4} Appellants moved for judgment on the pleadings in both refiled cases, arguing that Ohio's medical statute of repose, R.C. 2305.113(C), barred appellees' refiled claims because they arose out of surgeries that had been performed more than four years before appellees refiled. The trial court agreed and granted appellants' motions.

{¶ 5} Appellees appealed to the First District Court of Appeals, where they argued that the trial court erred by entering judgment on the pleadings in favor of appellants, because the Ohio saving statute afforded them one year after the voluntary dismissals of their claims in Butler County in which to refile their claims,

2

notwithstanding the expiration of the statute of repose. The First District reversed the trial court's judgment. 2019-Ohio-3880, 145 N.E.3d 1071, ¶ 31-32, 34. It held that appellees had timely refiled their claims pursuant to the saving statute and that the statute of repose did not bar their refiled claims. *Id.* at ¶ 32.

{¶ 6} This court accepted appellants' discretionary appeal to address whether the saving statute permits the refiling of actions beyond the expiration of the medical statute of repose. *See* 157 Ohio St.3d 1562, 2020-Ohio-313, 138 N.E.3d 1152.

*Analysis*

*Statutes of limitations, statutes of repose, and saving statutes*

{¶ 7} The question presented in this appeal requires us to consider the interplay between three distinct types of statutes: (1) statutes of limitations, (2) statutes of repose, and (3) saving statutes.

{¶ 8} Statutes of limitations and statutes of repose share a common goal of limiting the time during which a putative wrongdoer must be prepared to defend a claim, but they operate differently and have distinct applications. *Antoon v. Cleveland Clinic Found.*, 148 Ohio St.3d 483, 2016-Ohio-7432, 71 N.E.3d 974, ¶ 11, citing *CTS Corp. v. Waldburger*, 573 U.S. 1, 7, 134 S.Ct. 2175, 189 L.Ed.2d 62 (2014).

{¶ 9} A statute of limitations establishes "a time limit for suing in a civil case, based on the date when the claim accrued (as when the injury occurred or was discovered)." *Black's Law Dictionary* 1707 (11th Ed.2019). A statute of limitations operates on the remed*y*, not on the existence of the cause of action itself. *Mominee v. Scherbarth*, 28 Ohio St.3d 270, 290, 503 N.E.2d 717, fn. 17 (Douglas, J., concurring). A statute of repose, on the other hand, bars "any suit that is brought after a specified time since the defendant acted * * * even if this period ends before the plaintiff has suffered a resulting injury." *Black's Law Dictionary* at 1707. A statute of repose bars the claim—the right of action—itself. *Treese v. Delaware,*

95 Ohio App.3d 536, 545, 642 N.E.2d 1147 (10th Dist.). The United States Supreme Court has likened the bar imposed by a statute of repose to a discharge in bankruptcy—as providing "a fresh start" and "embod[ying] the idea that at some point a defendant should be able to put past events behind him." *CTS Corp.* at 9.

{¶ 10} Statutes of limitations and statutes of repose target different actors. *Id*. at 8. Statutes of limitations emphasize plaintiffs' duty to diligently prosecute known claims. *Id*., citing *Black's Law Dictionary* 1546 (9th Ed.2009). Statutes of repose, on the other hand, emphasize defendants' entitlement to be free from liability after a legislatively determined time. *Id.* at 9. In light of those differences, statutory schemes commonly pair a shorter statute of limitations with a longer statute of repose. *California Pub. Emps.' Retirement Sys. v. ANZ Securities, Inc.*, ___ U.S.____, 137 S.Ct. 2042, 2049, 198 L.Ed.2d 584 (2017). When the discovery rule—that is, the rule that the statute of limitations runs from the discovery of injury—governs the running of a statute of limitations, the "discovery rule gives leeway to a plaintiff who has not yet learned of a violation, while the rule of repose protects the defendant from an interminable threat of liability." *Id.* at __, 137 S.Ct. at 2050.

{¶ 11} In contrast to statutes of limitations and statutes of repose, both of which limit the time in which a plaintiff may file an action, saving statutes extend that time. Saving statutes are remedial and are intended to provide a litigant an adjudication on the merits. *Wasyk v. Trent*, 174 Ohio St. 525, 528, 191 N.E.2d 58 (1963). Generally, a saving statute will provide that "where an action timely begun fails in some manner described in the statute, other than on the merits, another action may be brought within a stated period from such failure." Annotation, 6 A.L.R.3d 1043 (1966). It acts as an exception to the general bar of the statute of limitations. *Chadwick v. Barba Lou, Inc.*, 69 Ohio St.2d 222, 232, 431 N.E.2d 660 (1982) (Krupansky, J., concurring in part and dissenting in part).

{¶ 12} We now turn to the specific statutes applicable here.

*The applicable statutes: R.C. 2305.113(A), 2305.113(C), and 2305.19*

{¶ 13} The court of appeals held—and no party disputes—that appellees' claims constitute "medical claims" as defined in R.C. 2305.113(E)(3). 2019-Ohio-3880, 145 N.E.3d 1071, ¶ 19. R.C. 2305.113 sets out both a one-year statute of limitations, R.C. 2305.113(A), and a four-year statute of repose, R.C. 2305.113(C), that apply to medical claims in Ohio.

{¶ 14} R.C. 2305.113(A) states, "Except as otherwise provided in this section, an action upon a medical * * * claim shall be commenced within one year after the cause of action accrued." A claim for medical malpractice accrues, and the one-year statute of limitations begins to run, "(a) when the patient discovers, or in the exercise of reasonable care and diligence should have discovered, the resulting injury, or (b) when the physician-patient relationship for that condition terminates, whichever occurs later." *Frysinger v. Leech*, 32 Ohio St.3d 38, 512 N.E.2d 337 (1987), paragraph one of the syllabus.

{¶ 15} R.C. 2305.113(C) sets out Ohio's statute of repose for medical claims:

> Except as to persons within the age of minority or of unsound mind as provided by section 2305.16 of the Revised Code, and except as provided in division (D) of this section, both of the following apply:
>
> (1) No action upon a medical * * * claim shall be commenced more than four years after the occurrence of the act or omission constituting the alleged basis of the medical * * * claim.
>
> (2) If an action upon a medical * * * claim is not commenced within four years after the occurrence of the act or omission constituting the alleged basis of the medical * * *claim, then, any action upon that claim is barred.

{¶ 16} R.C. 2305.113(C) "exists to give medical providers certainty with respect to the time within which a claim can be brought and a time after which they may be free from the fear of litigation." *Ruther v. Kaiser*, 134 Ohio St.3d 408, 2012-Ohio-5686, 983 N.E.2d 291, ¶ 19. It is a "true statute of repose that applies to both vested and nonvested claims. Therefore, any medical-malpractice action must be filed within four years of the occurrence of the act or omission alleged to have caused a plaintiff's injury." *Antoon*, 148 Ohio St.3d 483, 2016-Ohio-7432, 71 N.E.3d 974, at ¶ 1.

{¶ 17} Finally, the relevant saving statute is R.C. 2305.19(A), which provides:

> In any action that is commenced or attempted to be commenced, * * * if the plaintiff fails otherwise than upon the merits, the plaintiff * * * may commence a new action within one year after the date of * * * the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later.

{¶ 18} R.C. 2305.19(A) neither operates as a statute of limitations nor operates to toll the statute of limitations. *Lewis v. Connor*, 21 Ohio St.3d 1, 4, 487 N.E.2d 285 (1985), citing *Reese v. Ohio State Univ. Hosp.*, 6 Ohio St.3d 162, 163, 451 N.E.2d 1196 (1983). Rather, it provides a plaintiff with a limited period of time in which to refile a dismissed claim by commencing a new action that would otherwise be barred by the statute of limitations. *Internatl. Periodical Distrib. v. Bizmart, Inc.*, 95 Ohio St.3d 452, 2002-Ohio-2488, 768 N.E.2d 1167, ¶ 7.

*Unless the saving statute applies as an exception to the statute of repose, appellees' refiled claims are time-barred*

{¶ 19} As applicable here, R.C. 2305.113(C) requires plaintiffs to have filed their medical claims within four years of the occurrence of the acts or omissions that allegedly caused their injuries. Those acts or omissions are alleged to have occurred in April 2010 and February and April 2011, when Dr. Durrani operated on Mike Sand and Wilson.

{¶ 20} Appellees initially filed complaints in Butler County within four years of appellants' alleged acts or omissions, but they voluntarily dismissed those complaints without prejudice. A dismissal without prejudice "gives to the complaining party the right to state a new case, if he can. But it takes away no right of defense to such suit save that which might be based on the bar of the first action." *DeVille Photography, Inc. v. Bowers*, 169 Ohio St. 267, 272, 159 N.E.2d 443 (1959). "A dismissal without prejudice leaves the parties as if no action had been brought at all." *Id.* When a complaint has been dismissed without prejudice, the action "is deemed to never have existed." *Antoon*, 148 Ohio St.3d 483, 2016-Ohio-7432, 71 N.E.3d 974, at ¶ 24, citing *DeVille Photography, Inc.* at 272.

{¶ 21} In *Antoon*, we rejected an argument that the initial filing of a medical claim commences suit and indefinitely suspends the running of the statute of repose, regardless of a subsequent dismissal without prejudice. *Id.* at ¶ 24. There, the plaintiffs had originally filed medical-malpractice claims within the repose period, but they had voluntarily dismissed those claims without prejudice. We held that their action on their malpractice claims commenced, for purposes of the statute of repose, only when they refiled their claims, after the four-year repose period had expired. *Id.*

{¶ 22} The only notable, relevant difference between this appeal and *Antoon* is that plaintiffs here refiled their claims by commencing new actions— purportedly pursuant to the saving statute—within one year of their voluntary

dismissals without prejudice.  Unless R.C. 2305.19 operates as an exception to the statute of repose, appellees' refiled claims, like the claims in *Antoon*, are time-barred.

*R.C. 2305.19(A) does not create an exception to the statute of repose*

{¶ 23} Appellees contend that, having voluntarily dismissed their claims in Butler County pursuant to Civ.R. 41(A) and having thus failed otherwise than on the merits, *see Frysinger*, 32 Ohio St.3d 38, 512 N.E.2d 337, at paragraph two of the syllabus, they were entitled to refile those claims within one year, pursuant to R.C. 2305.19(A).  Appellants do not dispute that the saving statute acts as an exception to a statute-of-limitations defense to appellees' refiled claims, but they maintain that it does not also serve as an exception to the statute of repose.

{¶ 24} This court acknowledged but declined to decide in *Antoon* whether the saving statute, if properly invoked, may allow the refiling of an action beyond the expiration of the statute of repose.  148 Ohio St.3d 483, 2016-Ohio-7432, 71 N.E.3d 974, at ¶ 30.  To answer that question now, we first turn to the language of R.C. 2305.113(C)(1), which clearly and unambiguously states, "No action upon a medical claim * * * shall be commenced more than four years after the occurrence of the act or omission constituting the alleged basis for" the claim.  R.C. 2305.113(C) "means what it says.  If a lawsuit bringing a medical * * * claim is not commenced within four years after the occurrence of the act or omission constituting the basis for the claim, then any action upon that claim is barred." *Antoon*, 148 Ohio St.3d 483, 2016-Ohio-7432, 71 N.E.3d 974, at ¶ 23.  We must apply clear and unambiguous statutory language as the General Assembly wrote it. *Ohio Neighborhood Fin., Inc. v. Scott*, 139 Ohio St.3d 536, 2014-Ohio-2440, 13 N.E.3d 1115, ¶ 23.

{¶ 25} We have already rejected the argument that commencement of a medical claim within the four-year repose period satisfies the statute of repose once and for all, irrespective of a later voluntary dismissal. *See Antoon,* at ¶ 24 ("We

reject the Antoons' assertion that filing then dismissing a claim will indefinitely suspend the statute of repose by 'commencing' the suit on the date of the first filing"). But appellees also argue that by refiling their claims within one year of the voluntary dismissal of their Butler County claims, the new actions relate back to the dates they initially filed their Butler County claims for purposes of the statute of repose. We disagree.

{¶ 26} *Frysinger* does state:

> Where R.C. 2305.19 applies, the date for filing the new action relates back to the filing date for the preceding action for limitations purposes. *Lewis v. Connor* (1985), 21 Ohio St.3d 1, 4, 21 OBR 266, 268, 487 N.E.2d 285, 287; *Reese v. Ohio State Univ. Hosp.* (1983), 6 Ohio St.3d 162, 163-164, 6 OBR 221, 222-223, 451 N.E.2d 1196, 1198.

{¶ 27} 32 Ohio St.3d at 42, 512 N.E.2d 337. Neither *Lewis* nor *Reese*, however, actually describes a claim refiled pursuant to the saving statue as relating back to the date of the prior action. Moreover, our statement in *Frysinger* about a refiled action relating back was dicta. *See Vogel v. Northeast Ohio Media Group, L.L.C.*, 9th Dist. Medina No. 19CA0003-M, 2020-Ohio-854, ¶ 13. The questions presented in *Frysinger* were when a cause of action for medical malpractice accrues and whether a voluntary dismissal pursuant to Civ.R. 41(A)(1) constitutes a failure otherwise than on the merits. The statement about relation back was of no consequence to our determination of those issues, and we are not obligated to give it binding effect. *See Cosgrove v. Williamsburg of Cincinnati Mgt. Co., Inc.*, 70 Ohio St.3d 281, 284, 638 N.E.2d 991 (1994) (plurality).

{¶ 28} As the Ninth District recognized in *Vogel*, our more recent characterization of the saving statute in *Internatl. Periodical Distribs.*, 95 Ohio

St.3d 452, 2002-Ohio-2488, 768 N.E.2d 1167, at ¶ 7, is more consistent with the text of R.C. 2305.19. There, we stated, "Savings statutes operate to give a plaintiff a limited period of time in which to refile a dismissed claim that would otherwise be time-barred." That characterization is also consistent with our precedent that an action that has been dismissed without prejudice is deemed to never have existed. *Antoon*, 148 Ohio St.3d 483, 2016-Ohio-7432, 71 N.E.3d 974, at ¶ 24. The saving statute anticipates the commencement of a new action, not the reactivation of the prior action, and it says nothing about the new action relating back to the filing date of the prior action. *See id.* In fact, because the saving statute specifically permits the refiling of an action beyond the expiration of the statute of limitations, so long as the refiling occurs within one year of a failure of the prior action otherwise than on the merits, there is no need for the refiled complaint to relate back.

{¶ 29} In light of the purpose of a statute of repose—to create a bar on a defendant's temporal liability—exceptions to a statute of repose require "a particular indication that the legislature did not intend the statute to provide complete repose but instead anticipated the extension of the statutory period under certain circumstances," as when the statute of repose itself contains an express exception. *California Pub. Emps.' Retirement Sys.*, ___ U.S. at ____, 137 S.Ct. at 2050, 198 L.Ed. 584. The General Assembly did incorporate into R.C. 2305.113(C) two express exceptions. First, the statute of repose is tolled "as to persons within the age of minority or of unsound mind as provided in" R.C. 2305.16. Second, R.C. 2305.113(D) extends the four-year repose period for two specific categories of claims: (1) those that accrue in the last year of the repose period, R.C. 2305.113(D)(1), and (2) those based upon a foreign object left in a patient's body. R.C. 2305.113(D)(2). R.C. 2305.113(C) notably does not contain an exception for application of the saving statute, and we may not read one into the statute by implication. Unless one of the stated exceptions applies, R.C. 2305.113(C) clearly

10

and unambiguously prohibits the commencement of any action upon a medical claim more than four years after the act or omission upon which the claim is based.

{¶ 30} The absence of an express exception in R.C. 2305.113(C) for application of the saving statute takes on additional import when we compare R.C. 2305.113(C) with R.C. 2305.10(C), which imposes a ten-year statute of repose for product-liability claims, and unlike R.C. 2305.113(C), expressly states that it applies "[e]xcept as otherwise provided in" R.C. 2305.19, the saving statute. In the same bill in which it enacted R.C. 2305.10(C), with its express inclusion of the saving statute, the General Assembly also enacted R.C. 2305.131, which created a statute of repose for premises-liability and construction-defect claims. 2004 Am.Sub.S.B. No. 80, 150 Ohio Laws, Part V, 7915, 7937-7938. The General Assembly did not include the saving statute as an express exception to application of the premises-liability and construction-defect statute of repose. Nor did it take the opportunity to incorporate the saving statute as an express exception to the medical statute of repose, even though it made other minor amendments to R.C. 2305.113 in that bill. *Id.* at 7933, 7936-7937. The "General Assembly's use of particular language to modify one part of a statute but not another part demonstrates that the General Assembly knows how to make that modification and has chosen not to make that modification in the latter part of the statute." *Hulsmeyer v. Hospice of Southwest Ohio, Inc.*, 142 Ohio St.3d 236, 2014-Ohio-5511, 29 N.E.3d 903, ¶ 26.

{¶ 31} Not only does the General Assembly's incorporation of the saving statute in the product-liability statute, R.C. 2305.10(C), demonstrate that the General Assembly knew how to create an exception to a statute of repose for application of the saving statute when it intended to do so, but it also demonstrates the General Assembly's understanding that without an express indication to the contrary, the saving statute would not override the statutes of repose. Otherwise,

there would have been no need for the General Assembly to have expressly included the saving statute as an exception in R.C. 2305.10(C).

{¶ 32} Nearly 35 years ago, the Tenth District Court of Appeals held that a prior version of the medical statute of repose did *not* preclude application of the saving statute to permit the refiling of a medical claim beyond the repose period. *Wade v. Reynolds*, 34 Ohio App.3d 61, 61-62, 517 N.E.2d 227 (10th Dist.1986). But the version of the statute of repose at issue in *Wade* differed appreciably from the current statute. The prior version of the statute of repose applied to " 'all persons regardless of legal disability and notwithstanding section 2305.16 of the Revised Code.' " *Id.* at 61, quoting former R.C. 2305.11(B), 1976 Am.H.B. No. 1426, 136 Ohio Laws, Part II, 3840, 3841. That is, R.C. 2305.16—a statutory provision that would otherwise have tolled the running of limitations periods based on a plaintiff's youth or legal disability—did *not* extend the repose period. Because the version of the statute of repose at issue in *Wade* expressly excluded only application of R.C. 2305.16 and did not expressly exclude application of the saving statute, the Tenth District reasoned that the saving statute applied to the statute of repose. *Id.*

{¶ 33} While appellees cite *Wade* in support of their position that the saving statute operates as an exception to the statute of repose, the Tenth District's reasoning in *Wade* actually supports appellants' contrary position. R.C. 2305.113(C) now expressly *provides for* tolling of the statute of repose under R.C. 2305.16 when a claimant is a minor or of unsound mind, while not providing for application of any other statutory provisions that would toll or extend statutory time periods. Because the statute of repose now expressly incorporates only one statutory exception, other statutes that extend the time in which to bring an action must necessarily be excluded.

{¶ 34} The Federal District Court for the Southern District of Ohio—in another case against Dr. Durrani—recently held, contrary to our holding today, that

Ohio's medical statute of repose does not bar medical claims that have been refiled, pursuant to R.C. 2305.19, more than four years after the occurrence of the defendants' alleged conduct. *Atwood v. UC Health*, S.D.Ohio No. 1:16cv593, 2018 WL 3956766, * 8 (Aug. 17, 2018). The district court was persuaded in part by *Hinkle v. Henderson*, 85 F.3d 298 (7th Cir.1996), in which the Seventh Circuit held that Illinois's saving statute permitted a plaintiff to refile a voluntarily dismissed claim within one year of the dismissal even if the refiling occurred after the expiration of the statute of repose. *Atwood* at * 8.

{¶ 35} The Illinois saving statute differs from the Ohio saving statute; it provided: " 'where the time for commencing an action is limited, if * * * the action is voluntarily dismissed * * *, the plaintiff * * * may commence a new action within one year or within the remaining period of limitation, whichever is greater.' " *Hinkle* at 300, quoting 735 Ill.Stat.Ann. 5/13-217. The Seventh Circuit stated, "The savings statute expressly applies to cases 'where the time for commencing an action is limited,' which on its face includes both statutes of limitations and statutes of repose." *Id.* at 302, quoting 735 Ill.Stat.Ann. 5/13-217. Likewise, the statute's use of the phrase "within the remaining period of limitation" reasonably encompasses not only the statute of limitations, but also the statute of repose. *Id*. R.C. 2305.19(A), in contrast, refers exclusively to the "statute of limitations." Where the Illinois saving statute, on its face, broadly applied when "the time for commencing an action is limited," *id.,* including by a statute of repose, the court held that "emphasizing the inherent differences" between statutes of limitations and statutes of repose "beg[ged] the question." *Hinkle* at 302. The Ohio saving statute, however, does not contain this same broad language.

{¶ 36} The Seventh Circuit ultimately turned to a comparison of the legislative policy purposes behind the statute of repose and the saving statue. It noted that the legislature had enacted the medical statute of repose in response to a perceived medical-malpractice-insurance crisis and to mitigate the effects of the

discovery rule. *Id.* at 301. It stated that the statute of repose embodied two related purposes: "to prevent indefinite potential liability for a particular act or omission [and] to afford defendants (and insurance companies) greater certainty in predicting potential liability." *Id.* at 302. It concluded that application of the saving statute, which provided only a year in which to refile a dismissed claim, did not create "indefinite potential liability" and that, except in the rare case in which the defendant was unaware of the first action, application of the saving statute would not affect defendants' and insurers' certainty in predicting potential liability. *Id.* at 303. Thus, the court determined that application of the saving statute would not frustrate the purposes of the statute of repose.

{¶ 37} In light of the absence of an express incorporation of the Ohio saving statute as an exception in the medical statute of repose, the General Assembly's express incorporation of the saving statute as an exception to another statute of repose in R.C. Chapter 2305, and the general character of statutes of repose as providing an absolute temporal limit on a defendant's potential liability, we are unpersuaded by the Seventh Circuit's analysis in *Hinkle*. But even were we persuaded by the Seventh Circuit that, as a policy matter, application of the saving statute to afford a claimant a limited time to refile a medical claim beyond the expiration of the statute of repose would not impair the underlying purpose of the statute of repose, that is a call for the legislature, not this court. *See Groch v. Gen. Motors Corp.*, 117 Ohio St.3d 192, 2008-Ohio-546, 883 N.E.2d 377, ¶ 212 ("It is not this court's role to establish legislative policies or to second guess the General Assembly's policy choices").

### *Conclusion*

{¶ 38} R.C. 2305.113(C) is a true statute of repose that, except as expressly stated in R.C. 2305.113(C) and (D), clearly and unambiguously precludes the commencement of a medical claim more than four years after the occurrence of the alleged act or omission that forms the basis of the claim. Expiration of the statute

of repose precludes the commencement, pursuant to the saving statute, of a claim that has previously failed otherwise than on the merits in a prior action. Had the General Assembly intended the saving statute to provide an extension of the medical statute of repose, it would have expressly said so in R.C. 2305.113(C), as it did in the R.C. 2305.10(C), the statute of repose that governs product-liability claims.

{¶ 39} For these reasons, we reverse the judgment of the First District Court of Appeals. Because appellees commenced their actions in Hamilton County more than four years after the alleged conduct that formed the basis of their claims, the statute of repose barred appellees' refiled actions. Accordingly, the trial court appropriately granted appellants' motion for judgment on the pleadings.

Judgment reversed.

O'CONNOR, C.J., and KENNEDY, GWIN, and KLATT, JJ., concur.

STEWART, J., dissents, with an opinion joined by DONNELLY, J.

W. SCOTT GWIN, J., of the Fifth District Court of Appeals, sitting for FISCHER, J.

WILLIAM A. KLATT, J., of the Tenth District Court of Appeals, sitting for DEWINE, J.

_____

**STEWART, J., dissenting.**

{¶ 40} I disagree with most of the majority opinion's analysis and its conclusion that R.C. 2305.19 does not apply to save a medical-malpractice claim recommenced outside the four-year statute of repose contained in R.C. 2305.113(C). I therefore dissent.

*Problems with the majority opinion's textual analysis*

{¶ 41} According to the majority opinion, the only exceptions to the four-year period of repose on medical-malpractice claims are those exceptions expressly referred to in R.C. 2305.113(C). One of these exceptions tolls the statute of repose

for persons within the age of minority or of unsound mind when the action accrues. Another grants a plaintiff an additional year to commence an action from the date he discovers his injury provided that the injury is discovered in the final year of the repose period. The final exception provides a plaintiff with one year to commence an action from the date he discovers or should have discovered a foreign object left in his body. The majority asserts that the legislature's express inclusion of these exceptions must mean that no other exception applies or possibly could apply. Majority opinion at ¶ 30.

{¶ 42} There are two problems apparent in this conclusion. First, if the majority is correct that the express exceptions referred to in R.C. 2305.113(C) indicate the legislature's intent to preclude application of R.C. 2305.19, the saving statute, when the four-year statute of repose has expired, then we would also have to find that the language in R.C. 2305.113(A) similarly precludes application of R.C. 2305.19 after the one-year statute of limitations has expired. R.C. 2305.113(A), which sets forth the general statute of limitations for medical-malpractice claims, states: "*Except as otherwise provided in this section*, an action upon a medical, dental, optometric, or chiropractic claim *shall be commenced within one year* after the cause of action accrued." (Emphases added.) R.C. 2305.113(B) goes on to provide an exception to the one-year limitation period contained in R.C. 2305.113(A) by explaining that the period of limitation can be extended by up to 180 days if the plaintiff gives written notice to the defendant within the one-year limitations period that he intends to bring a claim. R.C. 2305.113(A), exactly like R.C. 2305.113(C), includes an express exception to the general rule that commencement of the action outside the specified time-frame is prohibited. Thus, if we follow the majority opinion's reasoning that such an exception is an indication that no other exceptions apply, then R.C. 2305.19 cannot apply to save a claim recommenced outside the one-year statute of limitations described in R.C. 2305.113(A). But the majority departs from its own logic when

16

it reaffirms this court's longstanding holding that, if properly invoked, R.C. 2305.19 *does* apply to save an action recommenced outside the limitations period of the medical-malpractice statute of limitations. Majority opinion at ¶ 14. If the majority insists upon such rigid reliance on the existence of exceptions within R.C. 2305.113(C) as the basis for its holding today, it needs also to explain why that same reasoning does not apply to R.C. 2305.113(A). This would be no small feat.

{¶ 43} The second problem with the majority opinion's textual analysis is that it wrongly assumes that if found to apply to this case or others like it, R.C. 2305.19 would operate as an exception to the requirement that an action be commenced within the four-year repose period contained in R.C. 2305.113(C). Majority opinion at ¶ 16. This allows the majority to conclude that the absence of R.C. 2305.19 from R.C. 2305.113(C) as an explicit exception to the general rule regarding the statute of repose implies legislative intent to *exclude* its application when the repose period has expired. Majority opinion at ¶ 31. But it does not follow that because R.C. 2305.19 provides an additional year to *recommence* an action, the statute abrogates the general rule that a medical-malpractice action must be commenced within four years of the act or omission giving rise to the claim. What is unique about R.C. 2305.19, compared to the express exceptions listed in R.C. 2305.113(C), is that it requires that an action have been timely commenced for its saving provision to have any effect. *See Moore v. Mount Carmel Health Sys.*, __ Ohio St.3d __, 2020-Ohio-4113, __ N.E.3d __, ¶ 2. Indeed, it is *only* when an action is timely commenced, and fails otherwise than on the merits, that R.C. 2305.19 can save an action that would otherwise be time-barred. *See id.* at ¶ 30. In contrast, the three exceptions listed in R.C. 2305.113(C) operate as true exceptions to the general four-year period of repose by either tolling the time to commence an action or adding additional time to commence an action. These exceptions also evince a legislative understanding that because of disability or delayed discovery, *see* R.C. 2305.113(C), citing R.C. 2305.16 and 2305.113(D), the plaintiff will likely

be unable to commence an action within the four-year repose period—hence the need for tolling or additional time modifications to the general rule. The same is not true for R.C. 2305.19, which anticipates a timely original filing.

{¶ 44} For these reasons, and for others I discuss below, it seems clear that the legislature does not view R.C. 2305.19 as an exception to either the statute of limitations or the statute of repose. Instead, the function of R.C. 2305.19 is that of a limited, but freestanding remedial statute that separately and concomitantly upholds both limitation provisions, and thus operates on equal footing and in conjunction with those provisions to save an action that previously had been timely commenced. As such, there was no need for the legislature to include it as "an exception" to R.C. 2305.113(C).[1]

---

1. I am not convinced, though the majority seems to be, majority opinion at ¶ 30, that the legislature's inclusion of R.C. 2305.19 as an express exception to the ten-year repose period in R.C. 2305.10(C) means that it intended R.C. 2305.19 to not apply to other statutes of repose unless also explicitly excepted.

To begin, the inclusion of R.C. 2305.19 as an express exception to R.C. 2305.10(C)(1) makes little sense when you look at the language of the statute:

> Except as otherwise provided in divisions (C)(2), (3), (4), (5), (6), and (7) of this section or in section 2305.19 of the Revised Code, *no cause of action based on a product liability claim shall accrue* against the manufacturer or supplier of a product later than ten years from the date that the product was delivered to its first purchaser * * *.

(Emphasis added.) R.C. 2305.10(C)(1). This repose statute focuses on the date of accrual. A cause of action "accrues" on the date of injury or discovery of the injury. Majority opinion at ¶ 9. R.C. 2305.19 has nothing to do with whether a cause of action accrues. Instead, R.C. 2305.19 saves previously commenced lawsuits on causes of action *that have already accrued*. With this in mind, the portion of R.C. 2305.10(C)(1) quoted above becomes baffling: how would a saving statute have any effect on when a cause of action accrues? Maybe the majority can explain it, but I cannot.

It is worth noting too that 2004 Am.Sub.S.B. No. 80, as originally introduced and voted on by the Senate, did not include any reference to R.C. 2305.19 in R.C. 2305.10(C)(1). *See* 125th General Assembly Regular Session 2003-2004, *Sub.S.B. No. 80 As Passed by the Senate*, http://archives.legislature.state.oh.us/bills.cfm?ID=125_SB_80_PS (accessed Dec. 18, 2020) [https://perma.cc/9H77-LLE4]. This language was added at some point after the bill moved to the House and there is no explanation in the legislative record as to why it was added—although the record does contain explanations for almost all other additions. *See* 125th General Assembly Regular Session 2003-2004, *Am.Sub.S.B. No. 80 As Passed by the House of Representatives* http://archives.legislature.state.oh.us/bills.cfm?ID=125_SB_80_PH (accessed Dec. 18, 2020)

*This court's case law in conjunction with the history and purpose of R.C. 2305.19*
*and 2305.113(C) supports the conclusion that the saving statute applies even*
*when the statutory repose period has expired*

{¶ 45} We explained how the saving statute worked over 30 years ago in *Frysinger v. Leech*: "Where R.C. 2305.19 applies, the date for filing the new action relates back to the filing date for the preceding action for limitations purposes." 32 Ohio St.3d 38, 42, 512 N.E.2d 337 (1987). Between then and now, we have never once questioned our analysis in that case, nor has the legislature indicated any disagreement with it—likely because it is straightforward and makes sense. Our analysis of R.C. 2305.19's "relation back" properties has been widely adopted and used by the appellate courts in many decisions over the decades.[2] It has withstood

[https://perma.cc/PT5H-RB86]; *Synopsis of House Committee Amendments*, https://www.lsc.ohio.gov/documents/gaDocuments/synopsis125/s0080-125.pdf (accessed Dec. 18, 2020) [https://perma.cc/5N3D-B742]. The Senate voted on the amended bill—which, by the way, contained extensive tort-reform legislation—on December 9, 2004, during a lame-duck, special session. *See* Ohio Senate Session held on December 18, 2004, consideration of Am.Sub.S.B. No. 80 at 00:12:59-00:35:10 and 00:51:28-00:53:20, https://ohiochannel.org/video/ohio-senate-session-part-7 (accessed Dec. 18, 2020) [https://perma.cc/B3UM-3QFH]. During the Senate floor debates, one senator expressed concern that he had only just received a copy of the amended bill a few hours earlier and was expected to vote on it without reading it. *See id.*

Given all this, and considering too how a R.C. 2305.19 exception in R.C. 2305.10(C) does not seem to fit, the majority is overconfident in its position that the inclusion of R.C. 2305.19 as an express exception to R.C. 2305.10(C) shows some sort of legislative intent that R.C. 2305.19 does not apply to statutes of repose unless expressly noted. After all, this just might be a legislative oversight or drafting error. Either conclusion makes at least as much sense as the majority's reading but requires less reliance on assumptions and inferences.

2. The First, Fourth, Fifth, Sixth, Seventh, Eighth, and Tenth District Courts of Appeals have explicitly relied on *Frysinger*'s relation-back language when resolving questions related to R.C. 2305.19. *See U.S. Bank Natl. Assn. v. Broadnax,* 1st Dist. Hamilton No. C-180650, 2019-Ohio-5212, ¶ 12*; Mihalcin v. Hocking College,* 4th Dist. Athens No. 99CA32, 2000 Ohio App. LEXIS 1188, *15 (Mar. 20, 2000); *Johnson v. Stachel*, 2020-Ohio-3015, 154 N.E.3d 577, ¶ 23 (5th Dist.); *Topazio v. Acme Co.,* 186 Ohio App.3d 377, 2010-Ohio-1002, 928 N.E.2d 469, ¶ 20 (7th Dist.); *Vaught v. Pollack*, 8th Dist. Cuyahoga No. 103819, 2016-Ohio-4963, ¶ 17; *Byers v. Robinson*, 10th Dist. Franklin No. 08AP-204, 2008-Ohio-4833, ¶ 43 (French, J., concurring); *Johnson v. H & M Auto Serv.*, 10th Dist. Franklin No. 07AP-123, 2007-Ohio-5794, ¶ 8 (French and Klatt, JJ., concurring); *Thompson v. Ohio State Univ. Hosps.*, 10th Dist. Franklin No. 06AP-1117, 2007-Ohio-4668, ¶ 24 (majority opinion of French, J.).

the test of time and offered an easy-to-understand and logical explanation of how a second action could ever be considered "timely" when filed outside of the express timing limitations for commencement of an action. Nevertheless, the majority opinion now repudiates our relation-back analysis as nothing more than ill-considered dicta. Majority opinion at ¶ 27.

{¶ 46} Why the majority does this is clear. If it cannot distinguish away *Frysinger*'s analysis, then the present case must be decided in favor of upholding the recommenced actions as properly commenced within the four-year statute of repose. And so what the majority does is masticate *Frysinger* into a paste, spitting it out in unrecognizable, and safely ignorable, form.

{¶ 47} For instance, the majority opinion points out that R.C. 2305.19 does not say that the recommenced action relates back to the date of the prior commencement; it finds that the relation-back analysis does not follow from the cases cited as support; it argues that a more recent decision from this court characterizes R.C. 2305.19 differently; and it argues that the relation-back analysis is inconsistent with our precedent that an action dismissed without prejudice is deemed to never have existed.[3] Majority opinion at ¶ 20. But in doing all this, it is

---

3. None of these arguments is sound. To begin, it is not at all clear that the relation-back analysis in *Frysinger* is dicta. Although the specific issue before the court was whether a voluntary dismissal under Civ.R. 41(A) counted as a "failure otherwise than on the merits" within the meaning of R.C. 2305.19, the more general and overarching questions were whether the plaintiff's original action was timely commenced and whether the second action could be considered timely commenced based on the first. *See id.,* 32 Ohio St.3d at 39, 512 N.E.2d 337. The court's interpretation of R.C. 2305.19 assisted in answering those questions. Furthermore, for a court to decide whether a particular statute applies, it has to have an understanding of *how* it applies. The statements regarding relation back ultimately reflect the court's understanding of how the statute applied.

The court's relation-back analysis in *Frysinger* also is not at odds with the two cases used to support it, *Lewis v. Connor*, 21 Ohio St.3d 1, 4, 487 N.E.2d 285 (1985), and *Reese v. Ohio State Univ. Hosp.*, 6 Ohio St.3d 162, 163, 451 N.E.2d 1196 (1983). In fact, the relation-back concept dovetails nicely with the description of the statute in both decisions. It is also worth noting that these three decisions, which were decided within only a few years of each other, were decided by a court composed of essentially the same justices. So perhaps we should take heed when in *Frysinger*, those justices expounded on what was meant by their earlier analyses in *Lewis* and *Reese*.

curious that the majority—which otherwise focuses so closely on the language of R.C. 2305.113(C) and 2305.19 and what intent it implies—never stops to consider

---

In a similar vein, the relation back-analysis is not at odds with our more recent characterization of saving statutes in *Internatl. Periodical Distribs. v. Bizmart, Inc.*, 95 Ohio St.3d 452, 2002-Ohio-2488, 768 N.E.2d 1167, ¶ 7. To say as we did in that decision that "savings statutes operate to give a plaintiff a limited period of time in which to refile a dismissed claim that would otherwise be time-barred," *id.* at ¶ 7, in no way nullifies the relation-back concept. In fact, one could easily tag *Frysinger*'s analysis onto the end of our more recent analysis in *Internatl. Periodical* and end up with a single, cohesive interpretative statement that is supported by both decisions. Case in point: "saving statutes operate to give a plaintiff a limited period of time in which to refile a dismissed claim that would otherwise be time-barred by permitting the refiled complaint to relate back to the date the complaint was filed in the prior action."

The majority's reliance on *Internatl. Periodical*'s interpretation of R.C. 2305.19 over *Frysinger*'s is flawed for yet another reason. The issue before the court in *Internatl. Periodical* was which saving statute should apply—the general saving statute, R.C. 2305.19, which gives a plaintiff a year to refile, or the Uniform Commercial Code saving provision found in R.C. 1302.98(C), which gives a plaintiff six months. *Internatl. Periodical* at ¶ 6. The specific question how either statute applied was not before the court. If we follow the majority opinion's reasoning for labeling the relation-back analysis in *Frysinger* dicta, the characterization of R.C. 2305.19 in *Internatl. Periodical* must also be dicta. Majority opinion at ¶ 27. By its own logic then, the majority is simply swapping dicta for dicta.

The majority opinion also distinguishes *Frysinger*'s analysis as being inconsistent with this court's statement in *Antoon v. Cleveland Clinic*, 148 Ohio St.3d 483, 2016-Ohio-7432, 71 N.E.3d 974, ¶ 24, that an action that has been dismissed without prejudice is deemed to never have existed. Majority opinion at ¶ 28. [Majority at p. 15:8-10] The implication is, presumably, that a recommenced action cannot relate back to the date of a previously commenced action that has been dismissed, because the previous action does not exist and never did exist. This is just wrong. What was stated in *DeVille Photography, Inc. v. Bowers*—the case on which this court relied for its statement in *Antoon*—is that "[a] dismissal without prejudice leaves the parties as if no action had been brought at all." 169 Ohio St. 267, 272, 159 N.E.2d 443 (1959). Importantly, the question before the court in *Deville* was whether an interlocutory judgment, entered by a court prior to the plaintiff's voluntary dismissal of the action, still had effect after the dismissal. *See id.* at 269. We answered that question in the negative on several grounds, one being that once a case is voluntarily dismissed, the parties go back to the position they were in before the action was commenced. *See id.* at 272-273. Nothing in *Deville* suggests that as a metaphysical matter a dismissed action completely ceases to exist altogether. Indeed, court records would confirm its existence. What the majority seems not to realize is that by going down a path that upholds the incorrect notion that a voluntarily dismissed action "never existed," the saving statute fails to have any meaning or application. The reason for this is that the saving statute *relies* on the existence of a previously filed action. *See* R.C. 2305.19(A).

Lastly, the fact that R.C. 2305.19 fails to mention anything about relation-back hardly means that is not how it works. Indeed, recently this court has used relation-back concepts to explain how other similarly worded statutes and rules relate to each other. *See Moore,* __ Ohio St.3d __, 2020-Ohio-4113, __ N.E.3d __, at ¶ 14-16.

what, if any, effect our statements in *Frysinger* have had on the legislature's wording of either statute. This consideration is at least as important as anything else the majority opinion discusses because the General Assembly legislates against the backdrop of judicial decisions and is presumed to have full knowledge of our interpretation of statutes. *Wayt v. DHSC, L.L.C.*, 155 Ohio St. 3d 401, 2018-Ohio-4822, 122 N.E.3d 92, ¶ 23, citing *State ex rel. Huron Cty. Bd. of Edn. v. Howard*, 167 Ohio St. 93, 96, 146 N.E.2d 604 (1957). Regardless of whether we were right or wrong, or whether what we said was dicta or not, there can be no disagreement that in *Frysinger*, we interpreted the saving statute when we explained how it functions within the greater context of statutory timing requirements in R.C. Chapter 2305 for commencement of actions. Accordingly, what we said in that decision matters here.

{¶ 48} Since our decision in *Frysinger*, the legislature has shown no sign of moving to supersede our judicial interpretation of R.C. 2305.19. In fact, the statute remains in substantially the same form as it was then, the only difference being an expansion of the time a plaintiff has to refile.[4] As for the statute of repose, the

---

4. The version of the saving statute in effect when we decided *Frysinger* stated:

> In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff * * * may commence a new action within one year after such date.

Former R.C. 2305.19(A), G.C. 11233. Notably, the statutory language included the phrase "time limited for the commencement." This language is nearly identical to language that the majority agrees "reasonably encompasses not only the statute of limitations, but also the statute of repose." Majority opinion at ¶ 35.

R.C. 2305.19(A) now states:

> In any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff * * * may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later.

legislative history shows that the tolling exception based on minority or disability and the extension exception based on delayed discovery both first appeared in the statute in 1995. *See* former R.C. 2305.11, 1995 Am.Sub.H.B. No. 350, 146 Ohio Laws, Part II, 3867, 3912-3914. The third exception, which offers a limited time extension for late discovery of foreign objects left inside the body, was added to the statute of repose in 2001. *See* 2001 Am.Sub.S.B. No. 281, 149 Ohio Laws, Part II, 3791, 3799-3801. Accordingly, all three express exceptions to the statute of repose, which now exist in their current form in R.C. 2305.113(C) and (D), were added by the General Assembly *after* this court's pronouncements in *Frysinger*. If we presume—as we should—that our analysis in *Frysinger* provided the backdrop for these legislative enactments, then it makes perfect sense that the General Assembly did not include R.C. 2305.19 as an express exception within the repose

---

Although the 2004 amendments to the statute removed the phrase "and the time limited for the commencement of such action at the date of reversal or failure has expired," Am.Sub.H.B. No. 161, 150 Ohio Laws, Part II, 3423, this should not be taken to mean that the statute no longer applies beyond the expiration of the statute of repose. What this means is that now a plaintiff may take advantage of the saving statute's recommencement timeframe *even though* the time limited for commencement might not have expired. Before the 2004 amendments, this was not the case. Then, for R.C. 2305.19 to apply, the originally commenced action must have failed following the expiration of the "time limited for commencement." To illustrate, suppose that an action is dismissed without prejudice ten days before the time limited for commencement expires. Under the former version of the statute, R.C. 2305.19 would not apply and the plaintiff would have only ten days to recommence the action. Under the current version of the statute, the plaintiff would have one year to recommence.

Looking at the current and former versions of R.C. 2305.19 also brings into focus the superficial nature of the majority opinion's conclusion that because R.C. 2305.19 mentions the "statute of limitations," it is meant to apply only when the statute of limitations has expired and not when the statute of repose has expired. Majority opinion at ¶ 35. R.C. 2305.19's reference to the statute of limitations is not meant to limit its application in this way. Rather, the statement that a plaintiff may commence a new action within one year of its failure, "or within the period of the original applicable statute of limitations, whichever occurs later," indicates only that in those limited circumstances when the time left on the statute of limitations exceeds a year, a plaintiff will have that additional time to recommence the action. It is an expansion of the time to recommence. That's it.

statute. That is not how the saving statute functions. Instead, as noted in our analysis in *Frysinger*, R.C. 2305.19 operates within the confines of the statute of repose through the concept of relation back.

{¶ 49} That the saving statute acts as a complement to the statute of repose and not an exception to it is also in line with what we know about the purposes of each statute. R.C. 2305.19, the saving statute, provides a small window of time for a plaintiff to recommence an action that had been previously commenced but failed otherwise than on the merits. The statute is remedial in nature, and as such, should be given a liberal construction that permits a decision on the merits of the action rather than a disposition on technical or procedural grounds. *Cero Realty Corp. v. Am. Mfrs. Mut. Ins. Co.*, 171 Ohio St. 82, 85, 167 N.E.2d 774 (1960). By its terms, the statute insulates a recommenced action from statutory time-bar defenses only when the original action was commenced in a timely fashion.

{¶ 50} On the other hand, the purpose of the statute of repose is to limit indefinite potential liability and give defendants greater certainty and predictability by placing an outer time limit on the commencement of a lawsuit. It cannot seriously be said that giving a plaintiff an additional year to recommence an action that has already been timely commenced "create[s] the type of indefinite potential liability that [the statute of repose] was designed to abolish." *Hinkle v. Henderson*, 85 F.3d 298, 303 (7th Cir.1996). Nor does it affect the certainty and predictability that the statute of repose affords. *See id*; *see also See v. Hartley*, 257 Kan. 813, 823, 896 P.2d 1049 (1995); *Cronin v. Howe*, 906 S.W.2d 910, 914 (Tenn.1995); *Vesolowski v. Repay*, 520 N.E.2d 433, 434 (Ind.1988).

{¶ 51} I agree with the majority opinion that it is not our job to establish legislative policies or to second guess the General Assembly's policy choices. Majority opinion at ¶ 37. But that is exactly what the majority is doing here when it goes out of its way to manufacture reasons to find that two otherwise perfectly

24

compatible statues are operating at odds with each other. I would affirm the judgment of the First District Court of Appeals.

DONNELLY, J., concurs in the foregoing opinion.

_____

Paul W. Flowers Co., L.P.A., Paul W. Flowers, and Louis E. Grube; Robert A. Winter Jr.; The Deters Law Firm Co. II, P.A., Benjamin M. Maraan II, and James F. Maus; and Law Offices of Glenn D. Feagan, P.S.C., and Glenn D. Feagan, for appellees.

Taft Stettinius & Hollister, L.L.P., Aaron M. Herzig, Russell S. Sayre, and Philip D. Williamson, for appellants.

Paul W. Flowers Co., L.P.A., Paul W. Flowers, and Louis E. Grube, urging affirmance for amicus curiae Ohio Association for Justice.

Zagrans Law Firm, L.L.C., and Eric H. Zagrans, urging affirmance for amicus curiae Cleveland Academy of Trial Attorneys.

Squire Patton Boggs (US), L.L.P., Benjamin Beaton, Lauren S. Kuley, Heather L. Stutz, and Christopher Haas, urging reversal for amici curiae Ohio Hospital Association, Ohio State Medical Association, and Ohio Osteopathic Association.

Sean McGlone, urging reversal for amicus curiae Ohio Hospital Association.

Tucker Ellis L.L.P., Susan M. Audey, Raymond Krncevic, and Elisabeth C. Arko, urging reversal for amicus curiae Academy of Medicine of Cleveland & Northern Ohio.

_____