[Cite as *Owens v. Purcel*, 2024-Ohio-1514.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Norma Owens

Appellant

v.

Jerry Purcel

Appellee

Court of Appeals No.  L-23-1152

Trial Court No.  CI0202204695

**DECISION AND JUDGMENT**

Decided: April 19, 2024

* * * * *

Steven L. Crossmock and Stevin J. Groth, for appellant.

David R. Hudson, Taylor C. Knight, and Jordan R.
Messmer, for appellee.

* * * * *

**MAYLE, J.**

{¶ 1} Plaintiff-appellant, Norma Owens, appeals the May 30, 2023 judgment of the Lucas County Court of Common Pleas, granting judgment on the pleadings in favor of defendant-appellee, Jerry Purcel.  For the following reasons, we affirm the trial court judgment.

## I. Background

{¶ 2} Norma Owens was struck by an automobile on December 30, 2014, when she was 16 years old. Under R.C. 2305.10(A), an action for bodily injury must be brought within two years after the cause of action accrues. However, because Owens was under 18 at the time of the accident, the statute of limitations tolled until she reached the age of majority, on March 17, 2016. R.C. 2305.16. She, therefore, had until March 17, 2018, by which to file a complaint against the driver of the vehicle that struck her. The driver died on April 2, 2017. On March 4, 2019, attorney Jerry Purcel filed a personal injury suit on Owens's behalf in Toledo Municipal Court. The case was dismissed without prejudice on October 8, 2019, for failure to perfect service of process.

{¶ 3} Owens sued Purcel for legal malpractice on August 21, 2020. She voluntarily dismissed her complaint on December 28, 2021, and refiled under the saving statute, R.C. 2305.19, on December 21, 2022. Purcel answered and filed a motion for judgment on the pleadings under Civ.R. 12(C), arguing that the action was time-barred under the legal-malpractice statute of repose, R.C. 2305.117(B).

{¶ 4} The trial court granted Purcel's motion. It found that the act or omission giving rise to Owens's claim of legal malpractice was Purcel's failure to file a complaint before the statute of limitations expired on March 17, 2018. It concluded that under R.C. 2305.117(B), the statute of repose lapsed March 18, 2022, four years after Purcel failed to timely file a complaint. Because Owens's legal-malpractice action was refiled more than

2.

four years later, on December 21, 2022, the court held that it was barred by the statute of repose and dismissed Owens's complaint.

{¶ 5} Owens appealed. She assigns the following error for our review:

I.      THE TRIAL COURT ERRED IN DETERMINING THAT MARCH 18, 2018, IS THE DATE UPON WHICH NORMA'S LEGAL MALPRACTICE FOUR-YEAR STATUTE OF REPOSE PERIOD STARTED AGAINST JERRY PURCEL[.]

a.  THE TRIAL COURT FAILED TO PROPERLY CONSIDER THAT STATUTE OF LIMITATION IS AN AFFIRMATIVE DEFENSE[.]

b.  THE FAILURE TO PERFECT SERVICE IS THE DATE OF THE OCCURRENCE OF THE ACT OR OMISSION GIVING RISE TO MS. OWEN'S CLAIM[.]

## II.  Law and Analysis

{¶ 6} Owens argues that the trial court misapplied R.C. 2305.117(B) because it used the wrong triggering event for calculating when the legal-malpractice statute of repose expired. Owens denies that the act constituting legal malpractice was the failure to timely file suit under R.C. 2305.10. She maintains that the relevant event triggering the statute of repose was either (1) March 4, 2019, the date the personal-injury complaint was filed in Toledo Municipal Court; (2) March 4, 2020, the end of the one-year period within which service of the complaint needed to be perfected; or (3) October 8, 2019,

3.

when the municipal court dismissed the complaint for failure to perfect service within six months. She insists that using any one of these triggering events, her legal-malpractice action was filed before the four-year statute of repose expired, on either March 4, 2023, March 4, 2024, or October 8, 2023.

{¶ 7} Purcel responds that the act or omission giving rise to Owens's legal-malpractice claim was the failure to timely file her personal-injury action, thus her legal-malpractice claim accrued on the date the statute of limitations expired, not the date that Purcel eventually filed the untimely action. Purcel maintains that the failure to perfect service had no impact on the timeliness of the personal-injury lawsuit.

## A. Standard of Review

{¶ 8} Under Civ.R. 12(C), "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." In considering a Civ.R. 12(C) motion, the trial court may review only "the complaint and the answer as well as any material incorporated by reference or attached as exhibits to those pleadings." *Walker v. City of Toledo*, 2017-Ohio-416, ¶ 19 (6th Dist.).

{¶ 9} Employing the same standard as a Civ.R. 12(B)(6) motion for failure to state a claim upon which relief may be granted, the trial court must construe as true the material allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party. *Id.* at ¶ 18, citing *McMullian v. Borean*, 2006-Ohio-3867, ¶ 7 (6th Dist.); *Ohio Manufacturers' Assn. v. Ohioans for Drug Price Relief Act,* 2016-Ohio-3038, ¶ 10, citing *Rayess v. Educational Comm. for Foreign Med. Graduates,* 2012-

4.

Ohio-5676, ¶ 18. If it appears from the pleadings and the materials incorporated by reference or attached as exhibits that the nonmoving party can prove no set of facts entitling it to relief, the trial court may dismiss the plaintiff's claims under Civ.R. 12(C). *Ohio Manufacturers' Assn.* at ¶ 10. We review the trial court's judgment de novo. *Reister v. Gardner*, 2020-Ohio-5484, ¶ 17.

### B. The Legal-Malpractice Statutes of Limitation and Repose

{¶ 10} Under R.C. 2305.11(A), an action for legal malpractice against an attorney must be commenced within one year after the cause of action accrued. The Ohio Supreme Court has applied a discovery rule to legal-malpractice claims, however. *Zimmie v. Calfee, Halter & Griswold*, 43 Ohio St.3d 54, 57 (1989). Under that discovery rule, "an action for legal malpractice accrues and the statute of limitations begins to run when there is a cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is put on notice of a need to pursue his possible remedies against the attorney or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later." *Id.* at syllabus.

{¶ 11} In addition, effective June 2, 2021, the legislature enacted a statute of repose, R.C. 2305.117(B), applicable to legal-malpractice claims. Statutes of limitations and statutes of repose both limit the time for bringing a claim, but they operate differently and target different actors. *Wilson v. Durrani,* 2020-Ohio-6827, ¶ 9-10. "A statute of limitations establishes 'a time limit for suing in a civil case, based on the date when the

5.

claim accrued (as when the injury occurred or was discovered).'" *Id.* at ¶ 9*, quoting*

*Black's Law Dictionary* 1707 (11th Ed.2019). It "operates on the remedy, not on the

existence of the cause of action itself." *Id.,* citing *Mominee v. Scherbarth*, 28 Ohio St.3d

270, 290 (1986), fn. 17 (Douglas, J., concurring). "Statutes of limitations emphasize

plaintiffs' duty to diligently prosecute known claims." *Id.* at ¶ 10.

{¶ 12} "A statute of repose, on the other hand, bars 'any suit that is brought after a

specified time since the defendant acted … even if this period ends before the plaintiff

has suffered a resulting injury.'" *Id.* at ¶ 9*, quoting Black's* at 1707. It "bars the claim—

the right of action—itself." *Id.,* citing *Treese v. Delaware*, 95 Ohio App.3d 536, 545

(10th Dist. 1994). In contrast to statutes of limitations, "[s]tatutes of repose …

emphasize defendants' entitlement to be free from liability after a legislatively

determined time." *Id.* at ¶ 10.

{¶ 13} Under R.C. 2305.117(B), "[e]xcept as to persons within the age of minority

or of unsound mind … and except as provided in divisions (C) and (D) of this section,

both of the following apply":

> (1) No action upon a legal malpractice claim against an attorney …
>
> shall be commenced more than four years after the occurrence of the act or
>
> omission constituting the alleged basis of the legal malpractice claim.
>
> (2) If an action upon a legal malpractice claim against an attorney …
>
> is not commenced within four years after the occurrence of the act or

6.

omission constituting the alleged basis of the claim, then, any action upon that claim is barred.

{¶ 14} "When the discovery rule"—like the one the Ohio Supreme Court has applied to legal malpractice claims—"governs the running of a statute of limitations, the 'discovery rule gives leeway to a plaintiff who has not yet learned of a violation, while the rule of repose protects the defendant from an interminable threat of liability.'" *Wilson* at ¶ 10, quoting *California Pub. Employees' Retirement Sys. v. ANZ Securities, Inc.,* 582 U.S. 497, 506 (2017). So, while the discovery rule may delay the accrual of a claim for purposes of the statute of limitations, the statute of repose operates to mitigate the effects of the discovery rule by preventing indefinite potential liability.

{¶ 15} There are several exceptions to the statute or repose, most of which are contained within the statute itself. None are applicable to this case. First, by its own terms, R.C. 2305.117(B) does not apply "to persons within the age of minority or of unsound mind." Second, under R.C. 2305.117(C)(1), if in the exercise of reasonable care and diligence, a person could not have discovered the injury resulting from the act or omission forming the basis for the malpractice claim within three years but discovers the injury before the expiration of the four-year period of repose, "the person may commence an action upon the claim not later than one year after the person discovers the injury resulting from that act or omission." Third, under R.C. 2305.117(D), an action for legal malpractice arising from an attorney's "issuance of an opinion of title issued prior to June 16, 2021, shall be commenced within one year after the cause of action accrued without

7.

regard to when the act or omission constituting the alleged basis of the legal malpractice claim occurred." Finally, in accordance with the Ohio Supreme Court's decision in *Elliot v. Durrani,* 2022-Ohio-4190, ¶ 1, R.C. 2305.15(A) also tolls a statute of repose.

{¶ 16} Owens does not dispute that R.C. 2305.117 applies. Rather, she argues that the trial court erred when it concluded that the act or omission giving rise to her legal-malpractice claim was Purcel's failure to file the personal-injury complaint by March 17, 2018, within two years of her eighteenth birthday. She maintains that other facts and circumstances require application of a later date.

## C. The Act or Omission Giving Rise to Owens's Legal-Malpractice Claim

{¶ 17} Owens's assignment of error requires us to identify the act or omission giving rise to her claim of legal malpractice—and the date it occurred—so that we can next determine when the statute of repose expired. For ease of reference, the relevant timeline here is as follows:

| December 30, 2014 | Owens, age 16, was struck by a car. |
|---|---|
| March 17, 2016 | Owens turned 18. |
| April 2, 2017 | The driver of the automobile died. |
| March 17, 2018 | The two-year statute of limitations for bringing a personal-injury action against the driver expired. R.C. 2305.10(A) and 2305.16 (tolling limitations period due to minority). |
| March 4, 2019 | Purcel filed a personal-injury action on Owens's behalf in Toledo Municipal Court. |
| October 8, 2019 | The municipal court dismissed the personal-injury lawsuit without prejudice for failure to perfect service within six months. Civ.R. 4(E). |
| March 4, 2020 | The one-year period for perfecting service expired. Civ.R. 3(A). |
| August 21, 2020 | Owens filed her legal-malpractice action against Purcel in Lucas County case No. CI0202002837. |
| December 28, 2021 | Owens voluntarily dismissed case No. CI0202002837. |

8.

| | |
|---|---|
| December 21, 2022 | Owens refiled her legal-malpractice complaint against Purcel under the saving statute, R.C. 2305.19(A). |

{¶ 18} Purcel argues that the act or omission giving rise to Owens's claim of legal malpractice was his failure to file a personal-injury complaint within two years of Owens turning 18 years old—i.e., by March 17, 2018. While he acknowledges that the discovery rule generally applies to legal-malpractice claims, he insists that the statute of repose is calculated without respect to when the plaintiff discovered the injury. Owens disagrees with Purcel for three main reasons.

{¶ 19} First, Owens argues that the occurrence giving rise to her claim was Purcel's failure to perfect service of the complaint within one year of filing it. Under this theory, she claims that the alleged malpractice occurred on March 4, 2020, the date by which he was required to perfect service, or October 8, 2019, the day the municipal court dismissed the personal-injury complaint for lack of service. Owens asserts that "[t]here is nothing in the record that could lead the trial court to determine as a matter of law that March 18, 201[8],[1] was the date of the occurrence of the act or was the date of the occurrence which gave rise to [her] claim against [Purcel]."

{¶ 20} Second, Owens argues that the statute of limitations is an affirmative defense that is waived unless properly pleaded in the first answer. She maintains that because no answer was filed in the personal-injury action, the statute of limitations was

---

[1] Owens's brief says "March 18, 2019," but we assume this was a typographical error given that the trial court used March 18, 2018, as the date of the act or occurrence.

9.

never asserted, thus the failure to timely-file suit in municipal court cannot be the act or omission that gave rise to her claim against Purcel.

{¶ 21} Third, Owens argues that R.C. 2305.15—tolling the statute of limitations during a defendant's absence, concealment or imprisonment—may have extended the time for filing her claim against Purcell, such that the deadline for filing the personal-injury complaint was a date after March 17, 2018.

{¶ 22} As to Owens's claim that a tolling event may have occurred, extending the time within which the personal-injury suit needed to be filed, Ohio courts have recognized that facts alleging the applicability of R.C. 2305.15 must be alleged in the complaint. *Kelley v. Stauffer,* 2010-Ohio-4522, ¶ 13-15 (10th Dist.); *Brisk v. Draf Industries, Inc.,* 2012-Ohio-1311, ¶ 25 (10th Dist.). Where a complaint fails to allege facts that would support the application of R.C. 2305.15 to toll the statute of limitations, a trial court may properly dismiss the complaint on a motion filed under Civ.R. 12(B)(6). *Id.* Here, there is no information to suggest that Owens's complaint alleged facts to support application of R.C. 2305.15.

{¶ 23} As to Owens's claim that if served, the tortfeasor may have neglected to assert the affirmative defense of statute of limitations, this argument relies on the commission of a reciprocal act of malpractice by the tortfeasor's attorney to salvage her claim. "To establish a cause of action for legal malpractice, a plaintiff must show 'the existence of an attorney-client relationship giving rise to a duty, a breach of that duty, and damages proximately caused by that breach.'" *Ratonel v. Roetzel & Andress, L.P.A.,*

10.

2016-Ohio-8013, ¶ 6, quoting *New Destiny Treatment Ctr., Inc. v. Wheeler,* 2011-Ohio-2266, ¶ 25. An attorney breaches a duty owed to his client by failing to file a lawsuit within the applicable statute of limitations. *See DePugh v. Sladoje*, 111 Ohio App.3d 675, 684 (2d Dist. 1996) (finding that genuine issue of material fact existed as to whether attorney breached duty by miscalculating date by which wrongful death action needed to be filed). While hypothetically speaking, a tortfeasor may neglect to raise the statute of limitations as an affirmative defense, this does not mean that Purcel did not breach a duty to Owens when he failed to file a complaint within the statute of limitations. Rather, the tortfeasor's failure to assert the defense would go to the elements of causation and damages—i.e., if the tortfeasor did not raise the defense and the complaint moved forward irrespective of its untimeliness, the plaintiff may have suffered no damages as the result of her attorney's breach of duty. But the statute of repose in R.C. 2305.117(B) focuses on when the "act or omission" (i.e., the beach of duty) occurred—not whether or when the plaintiff suffered damages as the result of the act or omission.

{¶ 24} Finally, as to Owens's claim that "[t]here is nothing in the record that could lead the trial court to determine as a matter of law that March 18, 201[8], was the date of the occurrence of the act or was the date of the occurrence which gave rise to [her] claim against [Purcel]," this is untrue. In addition to claiming negligence for failing to serve process, Owens asserted in her complaint that Purcel owed a duty to file a complaint within the applicable statute of limitations, but failed to do so. The accident report attached to Purcel's answer provides Owens's date of birth, March 17, 1998. The statute

11.

of limitations under R.C. 2305.10(A) is two years. R.C. 2305.16 tolled the statute of limitations until Owens reached the age of majority. Owens reached the age of majority on March 17, 2016, therefore, she had until March 17, 2018, by which to file her personal-injury complaint. Her personal-injury complaint was not filed by that date, leading the trial court to conclude that the breach occurred on March 18, 2018—the day after the last day for filing a timely personal-injury complaint on Owens's behalf. There is, in fact, information in the record supporting March 18, 2018, as the date of the act or omission giving rise to her claim—which is the triggering event for purposes of the statute of repose.

{¶ 25} This is not to say that the *statute of limitations* for filing a legal-malpractice claim must be calculated from the date of the act or omission. As recognized by the Ohio Supreme Court in *Zimmie,* 43 Ohio St.3d 54, the statute of limitations begins to run on a legal-malpractice claim "when there is a cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is put on notice of a need to pursue his possible remedies against the attorney or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later." *Id.* at syllabus. In *Burzynski ex rel. Estate of Halevan v. Bradley & Farris Co., L.P.A.,* 2001 WL 1662042 (10th Dist. Dec. 31, 2001), the court held that the cognizable event, whereby plaintiff either knew or should have known that defendants may have committed legal malpractice by failing to file a complaint within the applicable statute of limitations, occurred when the opposing party

12.

in the underlying action filed his answer to plaintiff's complaint raising statute of limitations as an affirmative defense. *See also Smith v. Barclay*, 2012-Ohio-5086 (10th Dist.) (concluding that the plaintiff should have been aware of his counsel's alleged malpractice when the defendant in the underlying lawsuit filed a motion for summary judgment describing the exact nature of the questionable legal practice).

**{¶ 26}** Here, it could be argued that Owens had no reason to believe that Purcel committed malpractice until the municipal court dismissed her complaint for lack of service—on October 8, 2019—given that the alleged tortfeasor (who died two years before Owens's personal-injury complaint was filed) was never served and never filed an answer asserting the statute of limitations as an affirmative defense. But even if service had been perfected, it is inescapable that the breach of duty occurred when Purcel failed to timely file a complaint—not when he failed to serve the untimely complaint.

**{¶ 27}** Moreover, even if we assume that Owens should have *discovered* Purcel's breach of duty on October 8, 2019 (the day the municipal court dismissed Owens's personal-injury complaint)—or even March 4, 2020 (the day the one-year period for perfecting service expired)—the discovery-rule exception to the statute of repose, R.C. 2305.117(C)(1), required her to file her legal-malpractice action within one year of this discovery. As previously referenced, under R.C. 2305.117(C)(1), "[i]f a person making a legal malpractice claim against an attorney …, in the exercise of reasonable care and diligence, could not have discovered the injury resulting from the act or omission constituting the alleged basis of the claim within three years after the occurrence of the

13.

act or omission, but, in the exercise of reasonable care and diligence, discovers the injury resulting from that act or omission before the expiration of the four-year period specified in division (B)(1) of this section, the person may commence an action upon the claim not later than one year after the person discovers the injury resulting from that act or omission."

{¶ 28} Here, Owens filed her original legal-malpractice complaint on August 21, 2020, within one year of the municipal court dismissing her personal-injury lawsuit (October 8, 2019), and within one year of the deadline for perfecting service (March 4, 2020). But she voluntarily dismissed, then attempted to refile, her complaint under the saving statute. The saving statute, R.C. 2305.19(A), provides that "[i]n any action that is commenced or attempted to be commenced, if in due time … the plaintiff fails otherwise than upon the merits, the plaintiff … may commence a new action within one year after … the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later."

{¶ 29} The Ohio Supreme Court stated unequivocally in *Wilson*, 2020-Ohio-6827, at ¶ 38, that "[e]xpiration of the statute of repose precludes the commencement, pursuant to the saving statute, of a claim that has previously failed otherwise than on the merits in a prior action." Accordingly, although her August 21, 2020 complaint was filed within the four-year statute of repose, her complaint refiled on December 21, 2022, was not. As such, the trial court properly granted Purcel's Civ.R. 12(C) motion.

{¶ 30} We find Owens's assignment of error not well-taken.

14.

### III.  Conclusion

**{¶ 31}** Owens's refiled complaint for legal malpractice was not filed within the four-year statute of repose set forth in R.C. 2305.117(B).  The act or omission giving rise to her claim was Purcel's failure to file her personal-injury claim within the statute of limitations, which expired on March 17, 2018.  Her refiled complaint was filed on December 21, 2022, more than four years after that act or omission.  Although Owens may not have had reason to discover the malpractice until as late as March 4, 2020 (the date by which the personal-injury complaint needed to be served), the statute of repose nevertheless barred her legal-malpractice claim because it is calculated from the date of the act or omission constituting the alleged basis of the malpractice.

**{¶ 32}** We find Owens's assignment of error not well-taken and affirm the May 30, 2023 judgment of the Lucas County Court of Common Pleas.  Owens is ordered to pay the costs of this appeal under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Christine E. Mayle, J.       _____
                  JUDGE

Gene A. Zmuda, J.

                _____
Charles E. Sulek, P.J.        JUDGE
CONCUR.

                _____
                  JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.