[Cite as *Dervin & Assocs., Inc. v. Amer Cunningham Co., LPA*, 2025-Ohio-4761.]

## COURT OF APPEALS
## STARK COUNTY, OHIO
## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| DERVIN & ASSOCIATES, INC., fka CHRISTOPHER COX INSURANCE & INVESTMENTS, INC. | Case No. 2025CA00004 |
| Plaintiff-Appellee | <u>Opinion and Judgment Entry</u> |
| -vs- | Appeal from the Stark County Court of Common Pleas, Case No. 2023CV01548 |
| AMER CUNNINGHAM CO., LPA, ET AL., | Judgment: Reversed in part; Affirmed in part; Final Judgment Entered |
| Defendants-Appellants | Date of Judgment Entry: October 15, 2025 |

**BEFORE:** Craig R. Baldwin, William B. Hoffman, David M. Gormley, Appellate Judges

**APPEARANCES:** Laura L. Mills, Esq., Pierce C. Walker, Esq., Mills, Mills, Fiely & Lucas, LLC, for Plaintiff-Appellee; Hamilton DeSaussure, Jr., Esq., David W. Hilkert, Esq., Stark & Knoll Co., LPA, for Defendants-Appellants

OPINION

*Hoffman, J.*

{¶1}    Defendants-appellants Amer Cunningham Co., LPA and Jack Morrison, Jr. appeal the judgment entered following jury trial in the Stark County Common Pleas Court awarding Plaintiff-appellee Dervin & Associates, Inc. fka Christopher Cox Insurance & Investments, Inc. (hereinafter "the Agency") damages of $178,500.00 on its claim for legal malpractice, and also appeal the judgment dismissing Appellants' counterclaim for breach of contract pursuant to Civ. R. 12(B)(6).

STATEMENT OF THE FACTS AND CASE

{¶2}    Albert Dervin and Christopher Cox were each 50% shareholders and officers of the Agency when it was known as Christopher Cox Insurance & Investments, Inc. Dervin initiated a lawsuit on May 6, 2019, for judicial dissolution of the Agency, naming both Cox and the Agency as defendants.  Cox hired Appellants to represent himself personally and to represent the Agency.  Dervin asserted Appellants had a conflict of interest representing both Cox and the Agency because of Dervin's 50% ownership of the Agency; however, the dual representation continued.

{¶3}    On October 23, 2019, Dervin filed a lawsuit alleging conversion and misappropriation of funds against Cox, in part concerning the alleged use of corporate funds to pay Cox's legal fees in conjunction with the judicial dissolution action.  The case was consolidated with the dissolution suit.

{¶4}    On October 24, 2019, the Agency, which was represented by Appellants, filed a lawsuit against Dervin's daughter and her separate agency, alleging

misappropriation of trade secrets, conspiracy, and tortious interference with business relations.

{¶5} In January of 2023, Dervin, Cox and the Agency reached a settlement in the consolidated dissolution and conversion case. As a part of the settlement, the agency's action against Dervin's daughter was dismissed with prejudice. The dissolution and conversion case was dismissed with prejudice on January 17, 2023.

{¶6} The Agency and Albert Dervin personally filed the instant legal malpractice action against Appellants on August 28, 2023. Appellants filed a counterclaim for breach of contract, alleging by filing the malpractice action, the Agency breached the terms of the settlement agreement which released them from future liability. The trial court dismissed the counterclaim pursuant to Civ. R. 12(B)(6).

{¶7} Appellants filed a motion for summary judgment, arguing in part the legal malpractice action was barred by Ohio's statute of repose for legal malpractice and by the voluntary payment doctrine. The trial court overruled the motion.

{¶8} The case proceeded to jury trial in the Stark County Common Pleas Court. The jury found in favor of the Agency on its claim for legal malpractice, and awarded damages in the amount of $178,500.00. The jury found in favor of Albert Dervin on his individual claim for legal malpractice, but awarded $0 in damages.[1] The trial court entered judgment in accordance with the jury's verdict.

{¶9} It is from the December 12, 2024 judgment of the trial court Appellants prosecute their appeal, assigning as error:

---

[1] Amy Dervin and her agency were plaintiffs in the trial court, alleging abuse of process against Appellants. The jury found in favor of Appellants. Amy Dervin and her agency are not parties to this appeal.

I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT FAILED TO GRANT APPELLANTS' MOTION FOR SUMMARY JUDGMENT BECAUSE THE AGENCY'S MALPRACTICE CLAIM WAS BARRED BY THE STATUTE OF REPOSE.

II. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT FAILED TO GRANT APPELLANTS' MOTION FOR DIRECTED VERDICT BECAUSE THE AGENCY'S MALPRACTICE CLAIM WAS BARRED BY THE STATUTE OF REPOSE.

III. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT DENIED MORRISON'S MOTION FOR DIRECTED VERDICT BECAUSE THE COMPLAINT WAS BARRED BY A SETTLEMENT AGREEMENT AND RELEASE THE AGENCY SIGNED.

IV. THE AGENCY'S MALPRACTICE CLAIM IS BARRED BY THE VOLUNTARY PAYMENT DOCTRINE AND THUS, THE VERDICT IN THE AGENCY'S FAVOR, MUST BE REVERSED.

V. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN ALLOWING AN EXPERT TO OPINE THAT AN ATTORNEY BREACHED A DUTY OF CARE IN UNDERTAKING A DUAL REPRESENTATION WHEN TWO COURTS HAD SPECIFICALLY AND PREVIOUSLY ALLOWED IT.

VI. THE TRIAL COURT IMPROPERLY GRANTED APPELLEE'S 12(B)(6) MOTION DISMISSING THE COUNTERCLAIMS OF MORRISON AND AMER CUNNINGHAM FOR BREACH OF THE SETTLEMENT AGREEMENT.

I.

**{¶10}** In their first assignment of error, Appellants argue the trial court erred in overruling their motion for summary judgment, in which they argued the instant legal malpractice action was barred by the statute of repose. We agree.

**{¶11}** Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 36 (1987). As such, we must refer to Civ. R. 56(C), which provides in pertinent part:

> Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

**{¶12}** Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record demonstrating the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Vahila v. Hall*, 1997-Ohio-259, *citing Dresher v. Burt*, 1996-Ohio-107.

**{¶13}** R.C. 2305.117(A) is a statute of limitations, providing a legal malpractice claim shall be brought within one year of the time the cause of action accrued. R.C. 2305.117(B)(1) is a statute of repose, providing no legal malpractice claim shall be commenced more than four years after "the occurrence of the act or omission constituting the alleged basis of the legal malpractice."

**{¶14}** Statutes of repose and statutes of limitation have distinct applications. *Antoon v. Cleveland Clinic Found*., 2016-Ohio-7432, ¶ 11. "Both share a common goal of limiting the time for which a putative wrongdoer must be prepared to defend a claim." *Id*. A statute of limitations establishes "a time limit for suing in a civil case, based on the date when the claim accrued (as when the injury occurred or was discovered)." *Id*., *quoting Black's Law Dictionary* (10th Ed. 2014). A statute of repose bars "any suit that is brought after a specified time since the defendant acted * * * even if this period ends before the plaintiff has suffered a resulting injury." *Id*.

**{¶15}** In the instant case, Appellants argue the date of the act or omission constituting the alleged basis of the legal malpractice action was June 6, 2019, the date on which Appellants entered an appearance on behalf of both the Agency and Cox in the dissolution action. Because the instant legal malpractice action was filed on August 29, 2023, Appellants argue the action is barred by the four-year statute of repose for legal malpractice.

**{¶16}** In overruling Appellants' motion for summary judgment, the trial court held:

> Furthermore, because the conduct giving rise to the claims herein was not a single act or omission but was a continuing course of conduct ongoing for a period of years, Defendants have failed to demonstrate the absence of a genuine issue of material fact as to the precise date or dates of the occurrences of the acts that form the basis of Plaintiffs' claims.

**{¶17}** Judgment Entry, November 25, 2024, pp. 6-7.

**{¶18}** The Agency argues the instant action is timely, citing *Zimmie v. Calfee, Halter & Griswold,* 43 Ohio St.3d 54 (1989). However, the legal analysis in *Zimmie* begins, "The sole question in this appeal is whether appellant's legal malpractice action against his attorneys, the appellees, was barred by Ohio's one-year statute of limitations." *Id*. at 56. *Zimmie* analyzes the application of the statute of limitations, not the statute of repose at issue in this case. At oral argument, the Agency argued *Zimmie* "marries" the statute of repose and the statute of limitations. The Agency further argued this "marriage" of the statutes of repose and limitations was recognized by the court in *Owens v. Purcel*,

2024-Ohio-1514 (6th Dist.), which Appellants cite in their brief.   We reject the Agency's argument.  It is impossible for *Zimmie* to "marry" the statute of repose and the statute of limitations for legal malpractice because *Zimmie* was decided in 1989, and the statute of repose for legal malpractice was first enacted in 2021.   Further, we find *Owens v. Purcel* does not recognize *Zimmie* "married" the two statutes, but rather cites *Zimmie* while clarifying the distinction between the statutes of repose and limitations:

> Under R.C. 2305.11(A), an action for legal malpractice against an attorney must be commenced within one year after the cause of action accrued. The Ohio Supreme Court has applied a discovery rule to legal-malpractice claims, however. *Zimmie v. Calfee, Halter & Griswold*, 43 Ohio St.3d 54, 57, 538 N.E.2d 398 (1989). Under that discovery rule, "an action for legal malpractice accrues and the statute of limitations begins to run when there is a cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is put on notice of a need to pursue his possible remedies against the attorney or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later." *Id*. at syllabus.

> In addition, effective June 2, 2021, the legislature enacted a statute of repose, R.C. 2305.117(B), applicable to legal-malpractice claims. Statutes of limitations and statutes of repose both limit the time for bringing a claim, but they operate differently and target different actors. *Wilson v.*

*Durrani*, 164 Ohio St.3d 419, 2020-Ohio-6827, 173 N.E.3d 448, ¶ 9-10. "A statute of limitations establishes 'a time limit for suing in a civil case, based on the date when the claim accrued (as when the injury occurred or was discovered).'" *Id*. at ¶ 9, quoting Black's Law Dictionary 1707 (11th Ed. 2019). It "operates on the remedy, not on the existence of the cause of action itself." *Id*., citing *Mominee v. Scherbarth*, 28 Ohio St.3d 270, 290, 503 N.E.2d 717 (1986), fn. 17 (Douglas, J., concurring). "Statutes of limitations emphasize plaintiffs' duty to diligently prosecute known claims." *Id*. at ¶ 10.

"A statute of repose, on the other hand, bars 'any suit that is brought after a specified time since the defendant acted ... even if this period ends before the plaintiff has suffered a resulting injury.'" *Id*. at ¶ 9, quoting Black's at 1707. It "bars the claim—the right of action—itself." *Id*., citing *Treese v. Delaware*, 95 Ohio App.3d 536, 545, 642 N.E.2d 1147 (10th Dist. 1994). In contrast to statutes of limitations, "[s]tatutes of repose ... emphasize defendants' entitlement to be free from liability after a legislatively determined time." *Id*. at ¶ 10.

**{¶19}** *Id*. at ¶¶ 10-12.

**{¶20}** In support of their argument the trial court erred in finding a continuing course of conduct by Appellants extended the date on which the statute of repose began to run, Appellants cite *Tarahfields v. Wilson*, 2025-Ohio-1337 (10th Dist.). In that case, the trial court found a legal malpractice action was barred by the statute of repose because the actions or omissions upon which the appellants based their malpractice

claims occurred in 2017, and the complaint was not filed until 2022, more than four years later. In affirming the trial court's dismissal of the action, the court of appeals noted the appellants alleged conduct by the attorney extending beyond 2017; however, the allegations of post-2017 conduct did not change the fact the harm in the case arose from the actions or omissions which occurred in 2017. *Id*. at ¶ 61. The court concluded there was nothing in the actions or inactions of the attorney from 2018 forward which caused the appellants new or additional harm. *Id*.

**{¶21}** Appellants have also cited to a case from Illinois which we find instructive on the issue of whether a continuing course of conduct alters the date on which the statute of repose begins to run. In *Lamet v. Levin*, 2015 Il. App (1st) 143105, the plaintiff argued the attorney engaged in ongoing malpractice regarding counterclaims and defenses raised in the underlying action. The plaintiff argued the final act of negligence occurred in 2011. The court found the act or omission which started the clock on the statute of repose occurred in 1994. The court held the statute of repose began to run on the date the defendant "invaded the plaintiff's interest and inflicted injury, and this is so despite the continuing nature of the injury." *Id*. at ¶ 20. The period of repose is not tolled by the attorney's ongoing duty to correct past mistakes. *Id*.

**{¶22}** In its complaint, the Agency alleged Appellants committed malpractice by representing both the Agency and Cox in the underlying dissolution and conversion action despite a conflict of interest between the Agency and Cox. The complaint also alleged Appellants committed malpractice by refusing to remedy the situation after the conflict of interest was brought to Appellants' attention, continuing to represent both parties until the conclusion of the lawsuit in 2023.

**{¶23}** We find the act or omission which started the four-year clock running on the statute of repose occurred on June 6, 2019, when Appellants first entered an appearance on behalf of both Cox and the Agency in the underlying action, and inflicted injury on the Agency by virtue of the asserted conflict of interest. The complaint alleged no new harm or injury by the ongoing nature of the representation, and the time was therefore not extended by Appellants' refusal to withdraw from representation after the conflict of interest was drawn to their attention. While the Agency continued to accrue monetary damages by the conflict of interest in the nature of the continuing accumulation of attorney fees paid to Appellants, no new act or omission which caused new, different, or additional harm to the Agency occurred after the initial entry of appearance on June 6, 2019. We therefore find the trial court erred in finding the action was not barred by the statute of repose due to the continuing nature of the representation. We find the trial court erred in failing to dismiss the complaint for legal malpractice on summary judgment.

**{¶24}** The first assignment of error is sustained.

II., III., IV., V.

**{¶25}** Appellants' second, third, fourth, and fifth assignments of error are rendered moot by our conclusion the trial court erred in failing to dismiss the complaint on summary judgment.

VI.

**{¶26}** In their sixth assignment of error, Appellants argue the trial court erred in dismissing their counterclaim for breach of contract on the Agency's Civ. R. 12(B)(6) motion for judgment on the pleadings. We disagree.

**{¶27}** When reviewing a judgment on a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted, our standard of review is de novo. *Perrysburg Twp. v. Rossford*, 2004-Ohio-4362, ¶ 5. A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.,* 65 Ohio St.3d 545, 548 (1992), *citing Assn. for the Defense of the Washington Local School Dist. v. Kiger,* 42 Ohio St.3d 116, 117 (1989). In considering a motion to dismiss, a trial court may not rely on allegations or evidence outside of the complaint. *State ex rel. Fuqua v. Alexander*, 79 Ohio St.3d 206, 207 (1997). Rather, the trial court may review only the complaint and may dismiss the case only if it appears beyond a doubt the plaintiff can prove no set of facts entitling the plaintiff to recover. *O'Brien v. Univ. Community Tenants Union, Inc.,* 42 Ohio St.2d 242 (1975), syllabus. Civ. R. 12(B)(6) dismissal is proper where the claim for relief arises from a contract which is incorporated into and attached to the complaint, and the contract indicates the requested relief is not warranted. *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.*, 72 Ohio St.3d 106, 109 (1995).

**{¶28}** Appellants argue the Agency released all future claims against them in the settlement agreement of the previous action between Cox, Dervin, and the Agency. As such, they argue the Agency breached the settlement agreement by bringing the instant malpractice action, and the trial court erred in dismissing their counterclaim based on breach of the agreement. The release in the settlement agreement provides in pertinent part:

<u>Release</u>.  Excepting therefrom any liabilities of the Agency as set forth in Section 5, the Parties, on behalf of themselves and their heirs, executors, predecessors, successors, attorneys, agents, representatives, and assigns do hereby release and discharge each Party, together with their predecessors, successors, assigns and their past, present, and future officers, directors, shareholders, interest holders, members, agents, employees, managers, representatives, assigns and successors in interest, from all known and unknown charges, complaints, claims, grievances, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts, penalties, fees, wages, mental anguish, emotional distress, expenses (including attorneys' fees and costs actually incurred), and punitive damages, of any nature whatsoever, known or unknown, which a Party has, had, or may have occurring prior to the Effective Date of this Agreement, against any other Party, whether or not apparent or yet to be discovered, for any acts or omissions related to or arising from the Lawsuits and/or this Agreement.

**{¶29}** Appellants argue as attorneys for Cox and the Agency, they are "agents" or "representatives" within the terms of this release, and thus are released under the terms of the agreement from liability for legal malpractice.  We agree with the trial court's conclusion that under the clear and unambiguous language of the settlement, Appellants are not "agents" or "representatives" released from further claims.  The trial court stated:

Defendants contend that they should be included in the categories of "agents" and "representatives," but this argument is not supported by the document itself. In reviewing the entire release sentence, the Court observes that where the parties intended to include "attorneys", they did so expressly, by using the word "attorneys", as contrasted with the less precise terms "agents" or representatives". The agreement states: "…the Parties *on behalf of themselves and their heirs, executors, predecessors, successors,* **attorneys, agents, representatives,** *and assigns do hereby release and discharge each Party*, together with their predecessors, successors, assigns and their past present, and future officers, directors, shareholders, interest holders, members, ***agents, employees, managers, representatives***, assigns and successors in interest…" Had the parties intended to release and discharge their respective attorneys or the other parties' attorneys, they clearly could have chosen language to do so. They did not. Similarly, Paragraph 9, (Confidentiality) states that the terms of the Agreement are confidential and shall not be disclosed except to "the Parties' respective professional representatives, partners, shareholders, directors, officers, employees, *attorneys, agents, representatives*, affiliates and insurance companies…" This provision again makes it clear that the parties distinguished between attorneys and agents or representatives; when the parties intended to include attorneys, they did so explicitly and precisely.

Defendants note that the agreement states it was to be read "as broadly as permissible to effectuate the Parties' mutual intent", but that

same paragraph goes on to restate with clarity precisely what that "mutual intent" was – namely, "*to resolve and release any and all claims,* rights obligations, or disputes, whether known or unknown, *that any of the Parties,* and/or one, some or all of the same *has or may have* as of the date of this Agreement *against one, some or all of the other Parties."* Again, here was another opportunity for the parties to have indicated that they intended to release claims against their own or each other's attorneys. They did not do so.

**{¶30}** Judgment Entry, June 26, 2024, pp. 10-11.

**{¶31}** We agree with the well-reasoned opinion of the trial court. Expressio unius est exclusio alterius is an interpretative maxim meaning if certain things are specified in a law, contract, or will, other things are impliedly excluded. *Crockett Homes, Inc. v. Tracy*, 2024-Ohio-1464, ¶ 146 (7th Dist.). When the parties intended to use the word "attorneys," they did so specifically. It is clear from the plain language of the agreement "agents" and "representatives" as used in the release language did not include attorneys. The agreement specifically names "attorneys" in the same grouping with "agents" and "representatives" at several points in the agreement, but does not include "attorneys" in the release language. By the use of the specific word "attorneys "at several points in the agreement, attorneys are impliedly excluded from the more general terms of "agents" and "representatives." We find Appellants were not released from liability by the clear and unambiguous language of the settlement agreement, and the trial court did not err in

dismissing Appellants' complaint for breach of the settlement agreement pursuant to the Agency's Civ. R. 12(B)(6) motion.

**{¶32}** The sixth assignment of error is overruled.

**{¶33}** The judgment of the Stark County Common Pleas Court awarding Appellee damages on its complaint for legal malpractice is vacated. Pursuant to App. R. 12(B), we hereby enter final judgment dismissing Appellee's complaint for legal malpractice against Appellants. The judgment of the Stark County Common Pleas Court dismissing Appellants' counterclaim for breach of contract is affirmed. Costs are to be split evenly between the parties.


By: Hoffman, J.

Baldwin, P.J. and

Gormley, J. concur